RHOADS ET AL., APPELLANTS, v. GATLIN, APPELLEE.

1. PRACTICE—TIME OF FILING DEMURRER.
A demurrer to an answer cannot be filed after expiration of the time
     prescribed by statute, and after a motion by defendant for judg-
     ment on the pleadings, without leave of court. The court was not
     bound to consider a demurrer so filed.
2. MEASURE OF DAMAGES.
Plaintiff held a chattel mortgage upon certain cattle, and obtained pos-
     session of the cattle by replevin against the mortgagee. He sold the
     cattle for more than the amount of the claim secured by the mort-
     gage. Held, that the defendant might recover in the replevin case
     the amount received for the cattle in excess of the debt.

*Appeal from the District Court of Las Animas County.*

Messrs. WILSON & STIMSON, Mr. C. REED, Messrs. BRY-
ANT & LEE and Mr. C. S. THOMAS, for appellants.

Mr. WM. O'BRIEN, for appellee.

RICHMOND, P. J., delivered the opinion of the court.

It appears from the record in this case that on the 1st of
March, 1888, the defendant executed a chattel mortgage
upon one hundred and twenty-six head of cattle to secure
the payment of a certain promissory note for the sum of
$265.

That said note having matured, plaintiffs failing to obtain
possession of the cattle upon demand, instituted a suit in
replevin, alleging special property in the cattle.

Defendant answered, and among various defenses set up
that by virtue of the writ of replevin the defendant secured
the possession of the cattle and thereafter, for some reason
which is unquestioned, and before the period of time for an-
swer had expired, plaintiffs caused the property to be sold,
realizing the sum of $650.

That the plaintiffs, though repeatedly requested by defend-

ant to apply the sum of money so received by them for the sale of the cattle to the payment of the note, and to render up to defendant the surplus due to defendant, have declined. Wherefore defendant demands judgment against plaintiffs for the sum of $401.

To this defense no answer was made, nor demurrer or motion to strike out interposed, within the period of time fixed by the statute.

Defendant filed a motion for judgment upon the pleadings. After the filing of said motion plaintiffs interposed a demurrer. The court thereupon proceeded to pass upon the controversy between the parties as set forth in the pleadings.

Before the entry of the decree the defendant conceded that the plaintiffs were entitled to a judgment against the defendant for the possession of the property described in the complaint.

The finding of the court was that at the commencement of the action the plaintiffs were entitled to the possession of the goods and chattels described in the complaint.

That the plaintiffs recover from the defendant their costs expended for the recovery of the possession.

That defendant recover from plaintiffs the sum of $401 and interest thereon from the 28th day of January, 1889, at the rate of ten per cent per annum, with costs expended to be taxed, and that he have execution therefor.

That there be credited upon the execution the amount of costs actually paid by plaintiffs prior to the issuance thereof.

That from the proceeds of the sum actually collected in payment and satisfaction of the execution there shall be paid all costs then remaining due and unpaid, to the officers of the court, and the balance remaining in the hands of the sheriff shall be paid to defendant.

That the note and chattel mortgage be canceled.

To the rendering and giving of this judgment, plaintiffs duly excepted and prayed an appeal.

It is insisted that the court erred in rendering judgment upon the pleadings, because a demurrer was then pending

to the defendant's answer. And that the answer is in the nature of a counterclaim for a sum of money that accrued after the commencement of the action.

The contention of appellants is not supported by reason or authority. The filing of the demurrer, after the interposition of motion for judgment upon the pleadings, and after the expiration of the time fixed by the statute for answer, demurrer or motion, was without the consent of the court and was without authority in law.

Under the state of the pleadings no default was necessary. The defendant had answered and set up a demand against the plaintiffs, which demand the defendant had neglected to defend against, and the court was under no obligation to pass upon the demurrer which has been so filed.

The answer distinctly sets up facts which stand uncontroverted, to the effect that the note has been satisfied, that the mortgage should be canceled, and that out of the sale of the property so taken by the plaintiffs they are entitled to the sum of $401.

Our conclusion is, that the action of the court was warranted by the condition of the pleadings and is fully supported by the authorities. To remand this cause and compel the defendant to institute suit for the purpose of recovering the excess of money realized by the sale of the cattle is, in our judgment, unnecessary.

We are unable to find any error in the record which warrants us in disturbing the judgment of the court below.

The judgment must be affirmed.

*Affirmed.*