Reed, P. J.,
delivered the opinion of the court.
On Au'gust 21, 1894, appellant brought suit against Wallace Bruce to obtain possession of cows, horses, milk wagons, farming machinery and utensils, dairy appliances, etc., constituting the property of the “ Bruce Dairy,” of the alleged value of $5,000. Plaintiff claimed title to the property by purchase from Christiana Bruce, July 9,1894. The defendant claimed title by a chattel mortgage, alleging, in his answer, default, foreclosure and purchase at foreclosure sale.
The Bruce mortgage was a second mortgage, and was so expressed in it, and was subject to the prior mortgage of F. W. Reed & Co., executed by Christiana Bruce, for $850, with interest for a given time at three (3) per cent a month, and afterwards until maturity at five (5) per cent a month. *536 The note secured was by Reed & Co. sold and assigned, and became the property of the appellee. On February 13,1895, appellee having obtained leave, filed its petition of intervention in the suit of appellant against Bruce.
The following appears of record in the judgment order of .the court: “ And it further appearing that by consent in open court no evidence should be required on the part of the intervenor to establish the facts alleged in its petition because the same had theretofore been determined by the verdict of the jury and judgment thereon in the case of George Bruce et al. v. Frank W. Reed et al., heretofore pending in this same court, in the same division thereof.”
A trial was had to a jury, resulting in the following verdict: “We the jury find the issues herein joined for the plaintiff and assess his damages at the sum of eight hundred dollars, and that he is entitled to the possession of the property in controversy.”
The court required the plaintiff to remit the damages found in excess of $255, which was done by consent of the plaintiff. Motion for new trial was overruled, and, on March 12, 1895, judgment was entered in favor of appellant against Bruce, as follows: “ It is ordered, adjudged and decreed that the said plaintiff have and retain the possession of the goods and chattels in controversy and have and recover from said defendant the sum of $255 and his costs incurred in this action.” And the following order: “ And let the judgment for intervention for the sum of twelve hundred and twenty-six and 25/100 dollars be recorded in the judgment book. And let said intervenor have a lien upon.said property for said amount.” And on the same date the following judgment was entered of record: “ Wherefore, by virtue of the law and by reason of the premises aforesaid it is ordered, adjudged and decreed that said intervenor have and recover the sum of $1,226.25, together with its costs from the plaintiff herein on account of the lien heretofore established against the property here in controversy by the intervenor herein, and that it may have a lien on and against said property *537 thereof, which said lien shall he discharged on the payment of the sum of said $1,226.25, together with the costs of said suit.” Plaintiff prayed an appeal and perfected it by filing an appeal bond on March 26, 1895. The above proceedings were had at the January term, 1895, of the district court.
On the 29th day of April, of the April term, 1895, application was made exparte to the judge at chambers to correct the judgment of March 12th. A form of order and entry required were presented and signed by the judge, but, fearing the proceeding was irregular, being ex parte and without notice, a notice was served, and on May 3rd the following motion was filed:
“Now comes the intervenor and moves the court that a nunc pro tune order be entered by the court correcting the judgment entry filed March 12, 1895, in this action, so that the same will correspond with the facts, and the findings and decision of the court, in the following respects, viz., so that it will appear therein that the intervenor had, before said entry of judgment, taken possession of the property described in. the complaint, and that the said intervenor had the right of possession and of property in the said chattels, as provided under the chattel mortgage described in the petition of intervention, and that the plaintiff might redeem the said property by paying the intervenor $1,226.25, interest and costs of suit.
On May 13,1895, the court sustained the motion to correct the judgment entry of March 12th, and made the following order and judgment entry:
“ And now to-wit, on this 13th day of May, A. D. 1895, the same being one of the regular days of the April term of said court, this cause coming on to be heard on the motion of the intervenor to correct the judgment entry as made herein on the 12th day of March, A. D. 1895, so as to have the same conform to the judgment as pronounced by the court, * * * and it appearing to the court that the said judgment entry heretofore made herein as aforesaid, was not correct, was not in accordance with the findings and did not *538 correctly set out the judgment as pronounced, by the court in said cause: It is therefore ordered- that the said judgment entry be corrected and entered nunc pro tunc as of the date of March 12th, A. D. 1895, so as to read according to the judgment entry now signed by the judge of this division of this court, as follows: * * * Wherefore it is ordered and adjudged that, as against the defendant, the plaintiff is entitled to the possession of the said property described in the complaint, and have and recover of the defendant the sum of $255.00 and 1ns costs incurred in this action against the defendant. And it appearing to the court that this court had heretofore found that the chattel mortgage made in favor of F. W. Reed & Co., under which the said intervenor claims the right to the possession of the skid chattels, and that its assignee was still in such possession by reason of breaches in the conditions of said chattel mortgage: It is therefore ordered and adjudged that the said intervenor and its assigns retain the said possession until the said plaintiff shall pay the amount of the indebtedness due on the said chattel mortgage, which on this date, March 13th, 1895, the court finds to be the sum of $1,226.25- and costs of this action incurred by the said intervenor, and upon payment of the said sum by the said plaintiff, he shall be entitled to the possession of the said chattels, but until such payment the said intervenor or his assigns has the right of possession and of property in the said chattels under the terms and provisions and conditions of the said chattel mortgage.”
The contention of appellant is based upon the action of the court in entering up the order and judgment entry of May 13th, in place and stead of the judgment entered on March 12th. It is urged, first, that the term having expired the judgment was beyond the control of the court; second, that the judgment entered March 12th, not having been vacated, the judgment of May 13th was void; third, that the court had no power to enter a nunc pro tunc judgment; that such action could be taken only when there had been a delay or a failure to enter the judgment at the time it was made. *539 Then appears a claim that the petition of intervenor was insufficient in substance to warrant a judgment in the first instance.
On examination, we think the complaint sufficient. The complaint alleges its title and right to the possession of the property, a demand for the possession of all the property from Horn, the plaintiff, and a refusal; then prays judgment against both plaintiff and defendant, and for the possession of the mortgaged property, “ or the value thereof if the same cannot be found and delivered to the intervenor.” The value of the property as alleged in the complaint was $5,000; the answer of the defendant Bruce admitted that to be the value; consequently, as between those two, the value was settled; also as to the intervenor, if he had no reason to attack it, which it appears he had not.
Section 227 of the Civil Code is as follows: “ In an action to recover the possession of personal property, judgment for the plaintiff may be for the possession or the value thereof, in case a delivery cannot be had, and damages for the detention. If the property has been delivered to the plaintiff, and the defendant claim, or return thereof, judgment for the defendant may be for a return of the property, or the value thereof, in case a return cannot be had, and damages for taking and withholding the same.”
The judgment entered was a void- judgment. It should have been for the possession of the entire property. Stevenson v. Lord, 15 Colo. 131; Smith v. Bauer, 9 Colo. 380; Rhoads v. Gatlin, 2 Colo. App. 96.
The action was replevin. The judgment, to have been operative, must have been as provided in the code. The finding in regard to the amount due intervenor was correct, and fixing his liability for the surplus. Rhoads v. Gatlin, supra.
The statute required the judgment to be the return of the entire property when in the hands of the other party or for its full value if the possession cannot be had. - There is no statute allowing the possession to remain and a money judg *540 ment to be entered against the party in possession for the amount found due, nor was any such judgment asked.
It is true the order and judgment for $1,226.25 provided that intervenor should have a lien upon the property; but what was the nature of the lien and how to be enforced ? Plaintiff was invested with both title and possession, and the intervenor was given a lien upon his own property in the possession of the other party. Such was the judgment entered upon the specific order of the court. The judgment entered March 12th was erroneous and void.
But with the verdict and the stipulation in regard to the rights of the intervenor, we have the data upon which the proper judgment can be entered, and should have been entered on March 12, 1895, and this court will enter the judgment that the district court should have entered on that date:
“That the intervenor (The Citizens Savings Bank) was entitled to the possession of all the property covered by its chattel mortgage. That the amount due the intervenor was $1,226.25 with interest and costs of suit and that it proceed to make the money from the property, and that the proceeds of such property after paying and satisfying such debt be paid by the intervenor to the plaintiff Horn, and that any property remaining unsold after payment of intervenor’s debt, be delivered by the intervenor to the plaintiff, and that the plaintiff Horn, have judgment against the defendant Wallace Bruce for $255, damages, with interest and costs of suit,” and have execution therefor.
We are relieved from the necessity of discussing and deciding the question of the power of the court to revise and correct the judgment on the 13th of May and enter the judgment that should have been entered on March 12th, as it becomes unimportant. We will simply remark that the judgment of May 13th, awarding possession of the property to the intervenor, was radically and fundamentally different from the verdict and the judgment of March 12th, awarding the possession to the plaintiff, and as the latter was the judgment appealed from, and no appeal was taken from that of *541 May 18th, we, in effect, substantially decide the questions involved in the case appealed to this court.
We are still unable to understand what appellant appealed from, and why he is in this court. The judgment in the suit against Bruce was in his favor; the damages in excess of $256 were remitted with his consent. The amount due to and the rights of the intervenor were fixed by the stipulation to which he was a party.
As modified above, the judgment of the district court of March 12th will be affirmed.

Modified.