Wilson, J.,
delivered the opinion of the court.
This was an action in replevin, which comes into this court for the second time. Upon its first appearance, it was on appeal by plaintiff, and the opinion then rendered may be found in Horn v. The Citizens Savings and Commercial Bank of Denver, 8 Colo. App. 535. It is now brought here on error by the defendant. The most material facts pertinent to its present determination are set forth in the former opinion of the court.
The first question with which we are confronted is one raised by the defendant in error, who was plaintiff in the trial court, and it is very urgently insisted upon by him. It is, that the case having been once brought to this court in its-entirety and passed upon, to entertain it again would involve a review of our own judgment, in other words, that the court is now without jurisdiction. However plausible the arguments in support of this contention, we are clearly of the opinion that under the facts as presented, it cannot be maintained.. All that this court passed upon in its former adjudication was the rights as between the plaintiff and the intervenor, the Savings Bank. This was the only part of the judgment that was brought before us, and was in fact the only part that could have been brought before us by the appellant in that *318 ■action. As to the respective rights of the plaintiff and the defendant, as between themselves, the judgment had been in favor of the plaintiff. It had given him all that he claimed, ■to wit: the right to the possession of the property as against defendant, and damages for its unlawful detention. It is true that the trial court upon a motion for a new trial, required the plaintiff to rebate all damages found by the jury in excess •of $255, but the plaintiff consented to this in open court ■and was bound by it. In the former opinion of this court it was said: “The judgment in the suit against Bruce was in his (plaintiff’s) favor; the damages in excess of $255 were remitted with his consent.” This court did not consider, nor ■attempt to interfere with the judgment in the lower court in favor of plaintiff, and against the defendant. It considered only the judgment as bearing upon the rights of the intervenor as against the plaintiff, and entered up the judgment proper to have been rendered so far as it affected those rights. Plaintiff insists that under the code, section 397, two appeals cannot be taken, nor two writs of error sued out, in the same action, unless one be dismissed without prejudice. This is true in its broad sense only when it is sought for the second time by the same party to bring the same judgment to the appellate court for review on appeal or error. This was the case in McMichael v. Grove, 14 Colo. 542, cited and relied upon by plaintiff. There may be instances however wherein the judgment being adverse in some respects both to plaintiff and defendant, each will be entitled to have it reviewed. Such was Brennan et al. v. State Bank, 50 Pac. Rep. 1076; 10 Colo. App. 368, decided by this court at its September term, 1897. In that case the plaintiff feeling itself aggrieved by the refusal of the court to give it judgment for treble damages, prosecuted error to this court. The question presented was decided adversely to it, and the judgment was affirmed. Subsequently the defendants brought the same judgment to the court for review on error, and presented the question as to whether any judgment at all should have been rendered against them. This court entertained jurisdiction, and in its *319 opinion said: “Any person feeling himself aggrieved by a judgment rendered in a suit to which he is a party is entitled to have it reviewed on writ of error, provided he acts within the statutory period. Plaintiff and defendant may he equally dissatisfied with it. * * * In such ease in the nature of things the grounds of dissatisfaction of the two parties must be radically different, and each is entitled to have the judgment reviewed on his own theory.”
In the case at bar additional and cogent reasons favor the jurisdiction of this court. An intervention is in the nature of a new action grafted upon another. The intervenor may and in this case did, claim an interest adverse to both of the parties plaintiff and defendant. The defendant had no interest in the maintenance of the judgment either in favor of the plaintiff or of the intervenor, and it was, therefore, not proper to have made him an appellee. If he was, therefore, not properly an appellee in the appeal, if the contention of plaintiff be correct, he would he denied the right to have the judgment, so far as it affected him adversely, reviewed by an appellate court. Section 400 of the code, upon which plaintiff relies, applies only to judgments affecting all of two or more defendants or plaintiffs alike. This was not the case with this judgment. It was, in fact, two judgments embraced in one decree or record entry. One was in favor of the intervenor, and gave it a lien prior and superior to that of the plaintiff for $1,226; the other was in favor of the plaintiff, and against the defendant. From the former plaintiff appealed, and as we have before said, it was the only one from which he could have appealed. The other is brought here for review by the defendant. As we view them, there were two separate and. distinct judgments, each of which could he brought here by the proper party for review. These views are clearly in accord with established principles, and with the reasoning of the authorities in our own state; and we need not cite authorities from other jurisdictions. Diamond Tunnel et al. v. Faulkner et al., 14 Colo. 438; Henry v. Travelers' Ins. Co. et al., 16 Colo. 179; Brennan et al. v. State Bank, supra. *320 It is easily apparent that they do not conflict with the doctrine laid down by this court in Hagerman et al. v. Moore, 2 Colo. App. 83. That action was to enforce the specific performance of a contract made by three defendants. A motion made by one of the defendants to dismiss as to him, was sustained, and from this plaintiffs appealed. The court held that there was no final judgment, and an appeal would not lie.. This cause is therefore properly before this court.
In the discussion of the present case, counsel for defendant raise many questions, and assign many errors. In the view which we take of the case, the .consideration of many of these will not be necessary. As to whether or not the mortgage upon the property held by James Bruce, the grantor of defendant, had been paid, this was a question of fact to be determined by the jury. It was submitted under proper instructions, the verdict was in favor, on that issue, of plaintiff, and there being a conflict in the evidence, it will not be disturbed.
It is an elementary principle that replevin will not lie against one not in possession of the property in dispute. It would not be proper, therefore, to render judgment against a defendant, for the possession of property which he did not have at the time of the commencement of a suit, nor for dam-' ages for the unlawful detention thereof. Wells on Replevin, §134; Cobbey on Replevin, §§431-433. It appears from the testimony of plaintiff himself that at the time of the commencement of this suit, and at the time when he made demand of defendant for the possession of the property sued for, he was and ever since had been, in possession of sixty-five cows, being the greater portion of the property for the possession of which he brought suit. If the judgment concerned only the possession, this defect or error might be immaterial, because it was found that the intervenor was entitled to the possession of all of the property, and judgment was so rendered. So far, however, as it affects the amount of damages awarded to plaintiff and against defendant, it is very material. The court gave no instruction as to the measure of damages in case the jury found for plaintiff. It may *321 be said in reply to this, that sneh an instruction was not asked, and therefore a failure to give it is not reversible error. This would be true ordinarily, but in the latter part of the first instruction given by the court, it is said: “ The court, however, instructs you that as a matter of law the defendant was in the constructive possession of the property in controversy at the time this action was commenced; and if you shall find from the evidence that the plaintiff was entitled to the possession of said property when he commenced this action, you will be justified by the evidence in finding that the defendant unlawfully detained the same from him.” We find nothing in the evidence which would warrant the giving of this instruction. On the contrary, the plaintiff, as it appears from the evidence, had the actual custody of the sixty-five head of cows, and claimed adversely to defendant to have full right to their possession and to be their owner. It is of course impossible for us to determine how far the jury considered this instruction in determining upon the amount of damages awarded. They were told in effect that they would be justified in finding that the defendant unlawfully detained from plaintiff all of the property mentioned in the complaint; whereas, they should have been told that under no circumstances could they find that defendant was in possession of or had unlawfully detained the sixty-five cows. It may be that the court considered this in requiring plaintiff to accept a verdict for-$255 damages, instead of for $800, as awarded by the jury,, but there is nothing in the record to show this if true. Ordinarily, appellate courts will presume that the judgments of trial courts are correct, unless the contrary be shown. Under the circumstances of this case, however, it would be stretching the doctrine of presumptions too far to assume that the judgment in this respect was correct, in face of the erroneous instruction of the court. For these reasons, we are constrained to reverse the judgment.

Reversed.