[No. 5159.]
[No. 2757 C. A.]

## JONES V. MESSENGER.

1. **Injunctions—Relief from Judgment—In Replevin.**

In an action to enjoin execution of a judgment in replevin and to compel an acceptance of a portion of the replevined property, it appeared that the defendant recovered judgment, which was not appealed from, for the return of certain horses and damages for their detention, and, in the alternative, for the value of the horses. Thereafter plaintiff offered to return a portion of the horses in pro tanto satisfaction of the judgment, which offer defendant refused. Held, that, in the absence of a showing that the replevin judgment was obtained through fraud, accident or mistake, or that plaintiff cannot obtain the relief sought in the original proceeding, or that he cannot have such suit reviewed by appeal or error, he is not entitled to such relief in equity.—P. 40.

2. **Same—Inability to Return Replevined Property.**

Where judgment has been rendered in replevin against the plaintiff for the return of the property and damages for its detention, or for the value, an allegation of the complaint, in an action to compel defendant to accept a portion of the property in pro tanto satisfaction of the judgment, that plaintiff's inability to return all the property arose from and was caused by defendant's acts, is insufficient to confer equity jurisdiction. —P. 40.

3. **Replevin—Judgment against Plaintiff—Redelivery of Property and Damages—Form of Judgment—Statutory Construction.**

A judgment in replevin against the plaintiff for the return of the property and damages for its detention, or in the alternative for its value, cannot be satisfied pro tanto by a return of a portion of the property, since the Colorado statute requires the return of the entire property in like condition as when taken, or judgment for its full value; nor does such a statute require the verdict or judgment to state the separate value of each article, but only the aggregate value.—P. 40.

*Appeal from the District Court of Bent County.*
*Hon. Jesse G. Northcutt, Judge.*

Action by Kemron E. Messenger against J. G.

Jones. From a judgment in favor of plaintiff, defendant appeals.

*Reversed with instructions to dismiss.*

Messrs. DEVINE & DUBBS, for appellant.

Mr. JOHN R. SMITH, for appellee.

Mr. JUSTICE CASWELL delivered the opinion of the court:

On November 13, 1900, the appellant herein was plaintiff in a certain replevin suit against the appellee, and obtained judgment in the district court of Bent county for the possession of seventy-six horses branded and one unbranded stallion, and also damages in the sum of three hundred twenty-four dollars and sixty-nine cents ($324.69) and for costs of suit; and in default of the delivery of the said animals a judgment for the value thereof, in the alternative, in the sum of two thousand one hundred seventeen dollars and fifty cents ($2,117.50), being the value of *all* the horses. There were no findings as to the separate values of the horses, nor any of them. It seems from the record that at the time of the service of the replevin writ the defendant in that case (the appellee here) gave a redelivery bond and retained the horses in his possession.

There was no appeal from this judgment. After the judgment, the defendant in replevin offered to return fifty-four or fifty-six head of the horses, and offered to pay in settlement of the judgment such sum as might be found to be due the plaintiff in replevin, after receiving credit for the horses so to be returned. The horses so offered, at the time of such offer, had a disease called "pink eye," and the unbranded stallion was too ill to be taken from the ranch of the defendant in replevin and turned over to the plaintiff, but it appears that the replevin defendant said that he would return him as soon as he

was in proper physical condition to be delivered. No tender was made of the amount of damages included in the judgment. The appellant refused to accept the horses so offered, and demanded that the judgment should be satisfied by paying the amount determined to be due in case of failure to return all the property, also the damages and costs. Later the suit in hand was brought, and an *ex parte* injunction was issued out of the district court of Arapahoe county enjoining the execution of the replevin judgment, and plaintiff seeks an adjudication of the rights of the parties respecting the satisfaction of the same.

It appears from the complaint in this action that the real relief sought was to compel plaintiff in replevin to accept the fifty-six head of horses heretofore offered as *pro tanto* payment of the judgment, and to determine in this action the value of such horses and also the balance required to satisfy the replevin judgment. Appellee, as plaintiff below, had judgment herein against appellant, and the value of the horses as tendered or offered was found to be one thousand five hundred twelve dollars and fifty cents ($1,512.50), from which judgment defendant appeals.

Many errors appear upon examination of the record, but we discuss only the most important of them. The appellant, as defendant below, filed a demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was overruled, and defendant answered, but insists in this court that the complaint is insufficient, and that the district court of Arapahoe county had no jurisdiction to issue an injunction to prevent the execution of a judgment in the district court of Bent county.

At the time of the filing of this suit and the issuance of the injunction the judgment in replevin

was *res adjudicata* as between the parties. It was
a valid subsisting judgment, and no appeal was
pending. The matters which had been tried and
determined in that case could not be retried in Chan-
cery.—*Pueblo Lumber Co. v. Danziger*, 7 Colo. App.
149-151, and cases cited. Even if the court had such
jurisdiction, there are no allegations in the bill for
injunction calling for the exercise of its equity
powers. It is nowhere alleged nor shown that there
was any fraud, accident or mistake in procuring the
replevin judgment; nor that plaintiff has not power
to obtain the relief sought in the original proceed-
ing, nor that he could not have such suit reviewed by
appeal or writ of error. It is not alleged that the
replevin judgment is void, or that there was not
jurisdiction. In fact the complaint contains no alle-
gations to which equity proceedings should attach.
But the complaint in this case was framed, and the
trial had, upon the theory that the plaintiff had the
absolute right to have the separate value of the
horses found, regardless of the fact that the aggre-
gate value had been determined in the replevin suit.
The complaint contains the allegation that "the in-
ability of this plaintiff to return the whole of said
horse stock to the said defendant under the order of
the said court arises from, and is caused by, the
acts of the said defendant himself in and about the
said matter." This is not a sufficient allegation to
confer equity jurisdiction, but if it was, it is not
sustained by any proof whatever; on the contrary,
it clearly appears that the defendant in the original
replevin suit had himself, by the sale of a portion of
the horses, rendered it impossible for him to comply
with the judgment in the first suit.

Under no circumstances could the defendant in
replevin satisfy the judgment against him *pro tanto*
by a partial delivery of the property involved under

the circumstances of this case. A return of all the property promptly, in substantially the same condition as it was at the time of bringing the replevin suit, would satisfy the judgment in respect to the possession. In addition to the return of the property, the judgment in the replevin suit required the payment of certain damages. The rule in jurisdictions where the statutes provide that the value of the separate articles of property must be found, does not prevail in this state. Our statute requires the return of the entire property when in the hands of the other party, or judgment for its full value if a delivery cannot be had, and a judgment must be for the possession of the entire property to be operative.— *Horn v. Bank,* 8 Colo. App. 539, and cases cited. Whether the return be in whole or in part, the goods must be in like good order and condition as when taken.—Shinn on Replevin, § 679. In jurisdictions where it is required to find separate values, if the separate value of each article be not assessed the verdict will not support a judgment.—Shinn, § 627, and cases cited. In this state, on the contrary, it requires the finding of the aggregate value of the property to support a judgment under the terms of our statute and the conditions of the replevin bond, necessarily given. To permit defendant in replevin to retain the horses involved in this case in his possession during years of litigation, and to return a portion of them at his option, in a diseased condition, would be to render nugatory the replevin judgment which must be satisfied according to its terms. It follows from the above that the district court had no jurisdiction in the case at bar.

The judgment is reversed and the cause remanded, with instructions to the district court to dismiss the bill herein.                    *Reversed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MAXWELL concur.