[No. 6882.]

THE FLORENCE & CRIPPLE CREEK RAILROAD CO. V. RADETSKY.

REPLEVIN—*Against Whom the Action Lies*, only against one actually or constructively in possession of the goods, at the institution of the action, unless, prior thereto, and subsequent to demand for possession, he has concealed or disposed of them for the purpose of avoiding the writ and defrauding the plaintiff of his rights—(483, 484).

Plaintiff had delivered certain junk to the defendant, a railway company, for carriage. Before his demand for it, it had, as he knew, been taken into possession by a constable, as stolen

property, and had afterwards been delivered to the sheriff. *Held,* it was the plaintiff's duty to assert his rights by proceedings against these officials; that he had no action against the railroad company—(484).

*Error to Denver District Court.*—Hon. GEORGE W. ALLEN, Judge.

Messrs. SCHUYLER & SCHUYLER and Mr. ROBERT S. ELLISON, for plaintiff in error.

Messrs. REDD, STIDGER & BENSON, for defendant in error.

· Defendant in error, plaintiff below, brought suit in replevin against plaintiff in error, as defendant, to recover possession of a lot of copper junk, of the alleged value of $270, and also $100 damages for its unlawful detention. The complaint alleged that at the time of the institution of the suit, and for some time prior thereto, the defendant was in possession of the junk at its freight depot, in the town of Goldfield, and that demand for its possession had been made, and refused. With this complaint an affidavit in replevin was filed, and four days later, the necessary bond having been filed, a writ of replevin issued. This writ was directed to the sheriff of Teller county, who made no return thereon, as he claimed the junk was then in his possession in his official capacity. The answer denied the allegations of the complaint, and set up the further defense that the junk was never delivered or accepted by the defendant, but was seized by a constable, under process of law, before delivery, and later, under order of court, was seized by the sheriff of Teller county, and taken into his possession, who has ever since held possession of it. To this answer the plaintiff filed a replication, putting in issue its affirmative averments.

The trial of the case resulted in a verdict that plaintiff was entitled to the possession of the property in controversy, that its value was $270, and assessed damages for its detention in the sum of $206.64. On this verdict a judgment was rendered in favor of plaintiff in the sum of $476.64. The defendant has brought the case here for review on error, and assigned the following errors: That the verdict and judgment are contrary to the evidence and the law; that the trial court erred in denying defendant's motion to direct a verdict in its favor interposed at the time plaintiff rested and again renewed at the close of all the evidence; that the verdict is excessive; and that the court erred in instructions given.

The instructions complained of are to the effect that, if it appeared from the evidence that plaintiff was the owner of the property in controversy, delivered it to the defendant at Goldfield for shipment, and demanded possession of such property from the defendant, and that the latter refused either to ship the property or deliver it to the plaintiff, then a verdict should be rendered in his favor; and that if it appeared from the testimony that plaintiff made an arrangement with defendant to ship the property from Goldfield to Denver, and thereafter and in pursuance of such arrangement, placed it in the freight depot or upon the freight platform of defendant, with the knowledge and consent of its agent at that point, and that the plaintiff, under such an arrangement, had nothing further to do with the property before shipment, then the property was in the possession of the defendant from the time it was unloaded and placed upon the defendant's platform or in its freight depot; and it is not material whether a bill of lading was issued or not.

The testimony on behalf of plaintiff was to the effect that he had purchased the junk in controversy, which ap-

pears to have consisted of copper wire, and delivered it to the defendant at its depot in Goldfield for shipment to Denver; that subsequently he requested the agent of defendant to issue a bill of lading therefor, which was refused, for the reason that either the sheriff of Teller county, or a constable, had told him not to deliver possession to anyone.  His testimony is also to the effect that at the time of this demand and refusal to issue a bill of lading, or deliver him possession, that the junk was then in the freight depot of the defendant.  The substance of the testimony on behalf of defendant was, that the junk had been unloaded upon, or near, the depot platform; that at the time of plaintiff's request for a bill of lading it was seized by a constable by placing a custodian over it; that for this reason a bill of lading was refused; that the junk remained on the platform for a day or two in charge of the constable, and his representative, when it was turned over to the sheriff of Teller county; that when plaintiff demanded the return of the junk, it was then in possession of the sheriff, and had been removed by him; that plaintiff and one Grimes had been arrested for stealing the junk under a warrant issued by a justice of the peace at Victor; that a search warrant had also been issued in that proceeding, on an information charging that the stolen property was concealed about the premises of the defendant railroad company at Victor; that by virtue of this warrant the constable seized the junk by placing a custodian in charge; that the trial of the case before the justice resulted in the discharge of the plaintiff, but Grimes was bound over to the next term of the district court; that the justice of the peace found the junk taken in charge by the constable under the search warrant had probably been stolen, and ordered it held or turned over by the constable to the sheriff of Teller county, to await

the action of the district attorney.   It appears that the
junk was delivered to the sheriff; that he stored and held
it for two or three months, when it was turned over by
him, under order of court, to other parties who claimed
to be the owners thereof.   The demand of plaintiff for a
bill of lading or the possession of the junk, according to
his testimony, was made on the 29th or 31st of August.

It appears from the docket of the justice of the peace
and from his testimony, that the junk was brought into
his court by the constable, who seized it under the search
warrant issued.   This, according to his evidence, was on
the 28th of August.   It further appears from his docket
that on that date, Radetsky was discharged, but that
Grimes was held, and required to furnish a bond, which
was given, and that he, the justice, then directed the con-
stable to turn the property over to the sheriff.   It also ap-
pears from his docket that he found the copper junk which
had been seized under the search warrant had probably
been stolen, and he, therefore, ordered that it be held or
turned over by the proper officers to the sheriff to await
the action of the district attorney, or such proceedings as
might be appropriate to determine its ownership.

The action was instituted by plaintiff September 8th
next succeeding the proceedings before the justice of the
peace, and we think the evidence discloses without dis-
pute that on that date and prior thereto, the wire was in
possession of the sheriff, stored in a back room of his
office.

Mr. JUSTICE GABBERT delivered the opinion of the
court.

Replevin will not lie against one not actually or con-
structively in possession of the property in controversy
when the action is commenced—*Bruce v. Horn,* 11 Colo.
App. 316; *Rachofsky v. Benson,* 19 Colo. App. 178; *Wil-*

*lis v. DeWitt,* 3 S. Dak. 281 ; Cobbey on Replevin, section 64—unless prior thereto and subsequent to demand for the possession, he has concealed, removed or disposed of it for the purpose of avoiding the writ and defrauding the plaintiff of his right to such property.—*Depriest v. McKinstrey,* 38 Neb. 194; Cobbey on Replevin, section 66. The case at bar does not come within this exception, as it appears without dispute that the wire was in the possession, or under the control, of either the constable or sheriff at the time plaintiff demanded possession, and when the action was commenced, and that such possession was surrendered in good faith.

Counsel for plaintiff urge that the defendant cannot justify the taking of the wire from its possession for the reason that the proceedings and process under which it was taken were void; that the taking was a trespass, and it was, therefore, its duty to maintain its possession and re-take the wire, and having failed to do so, the constructive possession of the subject matter of controversy remained in the defendant, and the action can be maintained. This question is not involved. Plaintiff knew of the claim of the constable, or sheriff, or both, to the wire, and also knew that they were in possession of it, and claiming the right to its possession, as against the railroad company, and it was, therefore, the duty of plaintiff to assert and protect his rights. If he had any remedy it was against the officials who seized the wire. See note to *Jensen v. Eagle Ore Co.,* (47 Colo. 306), as reported in 33 L. R. A. (N. S.) 681.

The judgment of the district court is reversed and the cause remanded, with directions to dismiss at cost of plaintiff.

*Reversed and Remanded with Directions.*

Mr. JUSTICE MUSSER and Mr. JUSTICE HILL concur.