*Markham, Patterson & Thomas,* for defendants in error.

————▶●◀————

## BRANDENBURG v. REITHMAN.

(*Supreme Court of Colorado, April 18, 1884. Error to the County Court of Arapahoe County.*)

1. FORCIBLE ENTRY AND DETAINER—NO APPEAL FROM COUNTY COURT IN. No appeal lies from the judgment of a County Court in case of forcible entry and detainer—the mode of review provided by the statute in such case being upon writ of error. The Code provision (Sec. 415) does not apply to such cases—the right of a freehold being only incidentally or collaterally, and not directly involved.

2. SAME—SAME. The Code (Sec. 267) recognizes forcible entry and detainer as a concurrent remedy with the Code substitute for judgment "in all actions relating to the possession of real estate;" but does not provide that it may be resorted to as a Code remedy, or that the rules of practice provided by the Code should apply to it; but leaves it "to be prosecuted in accordance with the law of the State relating to forcible entry and detainer."

Vol. IV—No. 37

3. SAME—PLEADING—PRACTICE. When an action is instituted to try a question of title in a Court having jurisdiction of the question, the mere form of the complaint is immaterial; its substance is the test of its sufficiency. But if the action be instituted in a Court not having such jurisdiction (as a Justice's Court), an appeal from its judgment to one having jurisdiction to try title does not invest the latter Court with original jurisdiction to try that question.

4. QUÆRE. Whether the correctness of the ruling of the Court below in refusing to grant an appeal, can properly be presented on a writ of error to the original judgment? Is not the remedy, if appeal be improperly refused, by *mandamus?*

5. LANDLORD AND TENANT—EFFECT OF HOLDING OVER UNDER A LEASE. The lease in writing, signed by both parties, was for a year, and provided "that in case the party of the first part does not conclude to build a new building on the said premises, at the expiration of this lease, then the said party of the second part is to have the first privilege of leasing said premises for another year after the expiration of this lease;" and the lessee did remain in possession for a second year: *Held*, that he did not thereby become a tenant from year to year, but that the holding for the second year—the contingency mentioned having happened—implied a contract on his part to hold the premises for the second year on the same terms as the lease provided for the first year. The lessee was not entitled to three months' notice, but should have surrendered the premises on demand at the end of this term.

BECK, C. J. This was an action under the forcible entry and detainer statute, to recover possession of leased premises. It was originally instituted before a justice of the peace, the complaint alleging the letting of the premises for one year to the plaintiff in error, from May 1st, 1880, and the holding over by the latter, after the expiration of the term and demand made for possession.

The plaintiff obtained judgment before the justice, and likewise in the County Court upon appeal from the judgment of the justice. An appeal from the latter judgment to this Court was prayed by the plaintiff in error, and denied by the Court below, which ruling is assigned as the first ground of error.

We are of opinion that the ruling was correct, for the reason that no appeal lay to this Court from the judgment of the County Court. Section 17 of the forcible entry and detainer statute provides, that "appeals and writs of error to the Supreme Court from the judgments of the District Court, and writs of error to the judgment of any County Court, in proceedings under this chapter, shall be allowed as in other cases." General Statutes, p. 505.

The same practice existed, in this class of actions, under the Territorial organization. An appeal from the judgment of a District Court lay to the Supreme Court, and a writ of error, only, lay to the judgment of a Probate (now County) Court. R. S., 1868, p. 336, Sec. 17.

It is true that an appeal did not then lie from the judgment of a Probate Court, in any case; but this fact does not affect the question whether an appeal from the judgment of a County Court now lies, under the same statute. By the express language of the statute, only a writ of error lies in such case. Unless, then, the right of appeal is given by the Civil Code, it does not exist The Code provision is: "Appeals to the Supreme Court from the District and County Courts shall be allowed in all cases where the judgment or decree appealed from be final, and shall amount, exclusive of costs, to the sum of twenty dollars, or relate to a franchise or freehold." Civil Code, p. 124, Sec. 415.

This is the same provision, (excluding the words, "and County Courts,") originally enacted in 1861. (Laws 1861, p. 285, Sec. 41.) It was copied from the statute of Illinois, and the meaning of the phrase—"*or relate to a freehold,*"—had been judicially defined previous to the enactment of 1861.

The Supreme Court of Illinois had said, in *Rose et al.* v. *Choteau*, 15 Ill., 167, "To justify an appeal on the ground that the judgment relates to a freehold, the right of a freehold must have been directly the subject of the action—not incidentally or collaterally; and the judgment must be conclusive of the right until it is reversed."

This is equivalent to saying that the title of the freehold must be involved in the litigation.

Under the amended practice act of 1877, of the State of Illinois, instead of the words, "*or relate to a franchise or freehold,*" the phraseology is, "*where a franchise or freehold   *  *  *  *  is involved.*"

In the several decisions upon the effect of the amended provision, no distinction has been made that we are aware of, between the force of the words, "*relate to a freehold,*" and the words, "*where a freehold is involved.*" In the absence of an adjudication upon the point, we are of opinion that the amend-

ment does not exclude an appeal in any case embraced in the original provision.

Since the amendment it has been held that a proceeding in forcible entry and detainer does not involve or call in question, the title to land; and that an appeal does not lie therefrom; also, that a proceeding to foreclose a mortgage, or a proceeding to establish and enforce a mechanic's lien, does not involve a freehold. *McGuirk* v. *Burry*, 93 Ill., 118; *Pinneo* v. *Knox*, 100 *Ib.*, 471; *Clement* v. *Reitz*, 103 *Ib.*, 315.

We deem the cases cited upon this point conclusive as to the force and meaning of the phrase referred to. Sec. 94, Sedgwick & Wait on Trial of Title to Land.

Another point made in favor of the right of appeal, is, that Sec. 267, of the Civil Code, abolishes the distinction between the actions of *ejectment*, and *forcible entry and detainer;* makes the latter a concurrent remedy with the Code substitute for ejectment, and makes all rules of practice, including appeals, equally applicable to the proceeding, whether it be under the Code remedy, or the forcible entry and detainer statute.

This proposition is not maintainable. The Code provisions cited, itself defeats the proposition. Forcible entry and detainer is therein recognized as an existing and concurrent remedy with the Code substitute for ejectment, "in all actions relating to the possession of real estate." It is not stated that it may be prosecuted as a Code remedy, or that the rules of practice provided by the Code shall apply to this proceeding, but that it "may be prosecuted in accordance with the law of this State relating to forcible entry and detainer."

When an action is instituted to try a question of title in a Court having jurisdiction to try the question, the mere form of the complaint is immaterial. Its substance is the test of its sufficiency. But if the action be instituted in a Court not having such jurisdiction, an appeal from its judgment to one having jurisdiction does not invest the latter Court with original jurisdiction to try that question. *Downing* v. *Florer et al.*, 4 Colo., 209.

Forcibly entry and detainer is a statutory remedy which still exists, notwithstanding the Code. Justices of the peace still have jurisdiction of this remedy, although they may not now, any more than heretofore, try the question of title to a

freehold. It follows that this statutory remedy has not been enlarged by the Code provision referred to, but remains in force for the purposes heretofore employed.

We have considered this assignment of error for the reason that it involves an important question of practice. It is doubtful, however, whether the correctness of the ruling of the Court below, in denying an appeal to this Court, can be properly presented on a writ of error to the original judgment. It is said in *Eager* v. *Eager* 8 Bradwell, 356-362, that where a Court improperly refuses to grant an appeal, the proper remedy is *mandamus* to the Court below, requiring the allowance of the appeal.

The only other assignment of error necessary to notice, is, that the Court erred in rendering judgment for the plaintiff below.

The ground of this assignment is, that plaintiff in error was a tenant from year to year, and was entitled to three months notice to quit, under the statute.

The evidence shows that plaintiff in error occupied the premises as tenant of defendant in error, for several years prior to the execution of the lease produced upon the trial.

This lease bears date May 1, 1880, is signed by both parties, and is for the term of one year, with the following agreement as to another year: "And it is expressly understood and agreed that in case the said party of the first part does not conclude to build a new building on the said premises, at the expiration of this lease, then the said party of the second part is to have the first privilege of leasing said premises for another year, after the expiration of this lease."

We cannot subscribe to the proposition, that because the plaintiff in error held over one year after the expiration of the term mentioned in the lease, that his former occupancy of the premises enured to his benefit, and that the facts of the case constitute him a tenant from year to year.

If his former relation was that of tenant from year to year, that relation ended when he entered into this lease as tenant for a single year. At the expiration of the year, the contingency mentioned having happened, the testimony, we think, shows an implied contract on his part to hold the premises for the second year, on the same terms.

The fact that he occupied the premises during the second year, and that he claimed to do so under the lease, as is shown by his testimony upon the trial, taken in connection with the stipulation for a second year in the lease itself, fairly implies a contract to this effect.

Prior to the expiration of the second year, he was notified to quit at the end of the year, and refusing to do so, possession of the premises was duly demanded after the termination of the tenancy, which he refused to surrender. We think the judgment was correct, and it will be affirmed.

*Judgment affirmed.*

*Waldheimer & Jenkins,* and *L. C. Rockwell,* for plaintiff in error.

*J. H. Brown,* for defendant in error.