[No. 3763.]
CRAVENS ET AL. v. LEE ET AL.

JURISDICTION.

This court has no jurisdiction to review a judgment of the court of appeals given on error to a district court, when the controversy between the parties is merely a question as to the priority of their respective liens upon real property.

*Error to the Court of Appeals.*

Mr. A. M. STEVENSON, Mr. A. P. RITTENHOUSE and Mr. J. W. TAYLOR, for plaintiffs in error.

Messrs. THOMAS, BRYANT & LEE, for defendants in error.

PER CURIAM.    Elisha B. Cravens was the owner of certain real estate at Glenwood Springs.   He transferred it to Clinton Reed by a deed absolute in form, but, in fact, the conveyance was in trust, and a written declaration of trust was executed by Reed.   After this transfer, and as a result of a compromise of certain business transactions between Joseph W. Taylor and Joseph Reynolds, then deceased, Taylor executed his promissory note for $15,500, payable to Charles S. Thomas, as the representative of the estate of said Reynolds, and at the direction of Taylor, who assumed to represent Cravens, and to have become vested with the power from him to control Reed in the execution of the trust, Reed, in obedience to such direction, and supposing he was acting in conformity with his duty as trustee, executed a trust deed of this property to Harry H. Lee, as trustee, to secure the payment of said note.   Acting upon the same authority, Reed subsequently gave a trust deed upon the same property to John H. Fesler, as trustee, to secure the payment of a note made by Taylor to H. R. Kamm, which note was discounted by the First National Bank of Glenwood Springs.

The note to Thomas having become due and not paid, Lee, upon the request of Thomas, advertised the property for sale under the terms of the trust deed. Cravens thereupon brought this action in the district court of Arapahoe county asking for an injunction to restrain the sale, and upon final hearing that the said trust deed be canceled and set aside, and that the property be sold to satisfy the trust under which Reed held the land, and after such application of the proceeds of sale, what was left, if anything, should be given to him.

Cross-complaints were set up by some of the defendants, and petitions of intervention were filed, whose object was to establish liens against the real estate included in these trust deeds. Upon final hearing the court dismissed the action as to the plaintiff Cravens, and made a decree establishing the relative rank of the liens claimed against this land by Lee and Fesler under their respective trust deeds, and by the various other defendants and interveners, whereby Lee's lien was held to be junior to all the others.

From this decree the defendants (Harry H. Lee, C. S. Thomas and Mary S. Reynolds) took the case by writ of error to the court of appeals, the defendants in error being the other defendants and the interveners in the original action whose liens were adjudged superior to that of said plaintiffs in error.

In the court of appeals the decree of the district court was reversed, the court in substance holding the lien of the plaintiffs in error there to be the first and paramount lien on the land, and remanded the case to the district court to proceed in conformity with the opinion. Thereupon the defendants in error, in the court of appeals, brought the case here upon writ of error.

The defendants in error here (Lee, Thomas and Reynolds— plaintiffs in error in the court of appeals) now move to dismiss the writ of error upon the ground that this court has not jurisdiction to entertain it. Strictly speaking, no money judgment was rendered, but if there was, in any sense, a

money judgment, no one of the separate judgments—held to be liens—amounts to $2,500, and upon that ground the juris-diction of this court does not attach. *Spangler v. Green*, 21 Colo. 505. Indeed, unless there is a freehold involved, we are without jurisdiction.

It would seem from a bare statement of the case that a freehold is not involved. The controversy between the parties before this court is merely one over the priority of their respective liens upon real property. The decree of the district court, which was reviewed by the court of appeals, established the rank of these liens. It does not take a freehold from one, or give it to any of the other parties to the litigation. If these liens are paid within the time designated by the decree, there will be no sale of the property. If not so paid, the property will be sold to satisfy these liens, and the title transferred, if at all, only to the purchaser at the sale. Nor is a freehold involved if Cravens were still in the case. Had he succeeded in the litigation and a judgment gone for him, it is apparent that the title would not necessarily have been reconveyed to him; for, according to his own contention, he had only an equitable interest in the property, contingent upon the legal claims against him and Taylor being paid; and if the proof shows anything, it shows that the amount of these claims was much larger than any possible value attaching to the land.

Under the established rule of this court laid down in many cases, and at this term again enunciated in the case of *Paddack v. Staley et al., ante,* p. 188, there is no freehold involved, nor is there present any other element that gives this court jurisdiction of the writ of error. The temporary writ of injunction heretofore issued is vacated, and the writ of error is accordingly dismissed.

*Writ of error dismissed.*