[No. 4329.]

Murto, Administrator v. King et al.

Appellate Practice—Jurisdiction of Supreme Court—Freehold.

An action to cancel an alleged fraudulent release of a trust deed and to have the trust deed declared a lien upon the property superior to the title of defendants, who held under warranty deeds from the grantor in the trust deed executed after the release deed was executed, where no question is raised as to the sufficiency of the warranty deeds as between the grantor and grantee or as to whether or not a fee was thereby conveyed, does not involve a freehold so as to give the supreme court jurisdiction on that ground to review the case.

On Removal from Court of Appeals.

Mr. DAN B. CAREY for appellant.

Mr. O. G. HESS for appellees.

· *Per Curiam.*—Upon the application of the appellees, made under the statute (Ses. Laws 1899, 172), the court of appeals transferred this cause to the supreme court upon the ground that final jurisdiction was vested in this tribunal. The particular ground upon which the application was based is that a freehold is involved. The appellant now moves to remand the cause to the court of appeals because a freehold is not involved and no other element is present that confers jurisdiction.

The record shows that appellant, as plaintiff in the district court, brought the action for the purpose of having canceled an alleged fraudulent release of a trust deed in which he was the beneficiary, and asked to have the trust deed thus fraudulently released declared to be a lien upon the property in question superior to the title held by two of the defendants under warranty deeds executed by the original trustor to them after the release deeds were executed. The court below decided against plaintiff and dismissed the action.

No question is raised as to the sufficiency or legal effect, of the warranty deeds, as between the grantor and grantees, or as to whether or not a fee was thereby conveyed. The only question raised and determined was whether the property was conveyed subject to, or free from, the lien of the trust deed.

In numerous decisions of this court construing the act conferring appellate jurisdiction, and also in decisions of the supreme court of Illinois under a similar act, it has been held that a freehold is not involved unless the judgment necessarily takes from one, and gives to the other, party to the action a freehold title. In other decisions language is used to the effect that a freehold is involved when the issues

joined necessarily require the trial of title to real estate. No statement of the rule in general terms will fit every case that arises, but under no decision made by this court can it be said that a freehold is involved in this action. Certainly, the judgment did not take from the plaintiff, and give to the defendants, a freehold. It was to the effect merely that the trust deed under which he claims does not constitute a lien superior to defendant's title. In effect, it amounted to nothing more than a ranking of liens upon real estate. The controversy does not involve a freehold. *Scheeran v. Stramann,* 24 Colo. 111; *Cravens v. Lee,* 24 Colo. 225.

The motion is granted, and the cause remanded to the court of appeals.

*Remanded.*