**[No. 4033.]**

## WEISS ET AL. v. GULLETT ET AL.

*1.* APPELLATE PRACTICE—JURISDICTION OF SUPREME COURT.

The judgment of a court from which an appeal is taken, and not the relief sought in the action, determines the jurisdiction of the supreme court to entertain the appeal.

2. SAME—FREEHOLD.

Where plaintiffs brought suit to recover an interest in a mining claim and the defendants filed a cross complaint setting up a contract entitling them to a lien upon the interest sued for and prayed to have such lien decreed, and the case was tried upon the cross-complaint and the defendants recovered a money judgment against plaintiffs and the judgment was decreed to be a lien upon the interest in the mining

claim, the judgment does not involve a freehold so as to give the supreme court jurisdiction to review it upon appeal.

*Appeal from the District Court of Gunnison County.*

Mr. CHARLES J. HUGHES, Jr., Mr. J. M. McDOUGAL, Mr. BRANCH H. GILES, and Mr. GERALD HUGHES for appellants.

Mr. ALEXANDER GULLETT and Mr. S. D. CRUMP, for appellees.

Mr. JUSTICE STEELE delivered the opinion of the court.

Suit was begun by Weiss, one of the appellants, in the district court of Gunnison county, to recover from Alexander Gullett and S. D. Crump and other defendants a one-half interest in each of two mining claims situated in said county; the plaintiff in his complaint alleging that said Gullett and Crump were made parties for the reason that they claimed to have certain interests in the proceeds of the property, under a contract between them and certain of the owners of the property. The defendants Crump and Gullett filed a cross-complaint setting up the contract referred to in the complaint, asking that R. B. Wallace be made a party to the suit, and praying that they be decreed to have a lien upon the property for the money alleged to be due under the contract. They alleged in their cross-complaint that Weiss and Wallace, with knowledge of the existence of the contract, purchased the legal title to a quarter interest in the property mentioned and placed it in the defendant Wallace in trust, "with intent to cheat and defraud them out of their lien upon said mines

and out of their interest in the purchase money."

The case was tried upon the cross-complaint, and judgment was rendered in favor of Gullett and Crump, in which judgment it was decreed, "that the defendants, Alexander Gullett and S. D. Crump, have and recover of and from the plaintiff, Adam J. Weiss and the defendant R. B. Wallace, the sum of $1,077; and that said judgment be and the same is hereby declared and decreed to be a lien upon an undivided one-quarter interest in and to the Mammoth Chimney lode mining claim, situate in Domingo mining district, Gunnison county, state of Colorado; that the said defendants, Alexander Gullett and S. D. Crump, have a general execution for the collection of said judgment, and, if they elect, a special execution to sell and dispose of said one-quarter interest in said property for the collection and satisfaction of said judgment, and that they have judgment against said Adam J. Weiss and R. B. Wallace for their costs."

From this judgment, Wallace and Weiss appealed to the court of appeals. Subsequently, upon motion of the appellees, the cause was transferred to this court. No motion has been made to remand the case for want of jurisdiction in this court, and it was not until after oral argument that this court, of its own motion, requested counsel to file briefs upon the question of jurisdiction. In response to this request, counsel for appellants have filed a brief in which it is suggested that this court has jurisdiction of the cause because a freehold is involved, and that in the original action brought the plaintiff sought to recover a freehold, and that the effect of the judgment appealed from is that one party will gain and another will lose a freehold if the judgment is en-

forced. It is the judgment of the court from which an appeal is taken that determines the jurisdiction of this court in cases of this kind, and not the relief sought. We are not called upon to review a judgment rendered upon the complaint, but the judgment rendered upon the cross-complaint. That judgment awards a lien to the defendants and appellees, Gullett and Crump, upon a fourth interest in certain mining claims, it does not dispose of, or attempt to dispose of, the freehold; and while it is true that if the judgment is enforced and the interest of the appellants in said property sold to satisfy the judgment, and the property is not redeemed, appellees will gain and the appellant lose a freehold, still that is an incident of all liens, and this court has frequently held that a proceeding to enforce a lien against real estate does not involve a freehold. "An action does not relate to a freehold, so as to give this court jurisdiction to review the proceedings, unless the right or title to the freehold is the direct subject of the action, nor unless the judgment is conclusive of such right or title until reversed." *McClellan v. Hurd*, 21 Colo. 197.

We have not before us the order of the court of appeals transmitting the case to this court, and do not know whether that court determined, after argument and an examination of the record, that this court had jurisdiction; and we very much doubt if the court of appeals did determine after argument or an examination of the record that this court had jurisdiction, because it is very clear to us that we have not jurisdiction.

For the reasons given the cause is remanded to the court of appeals.

*Remanded.*