[No. 2749.]

### Schafer v. Hegstrom.

**Forcible Entry and Detainer—Jurisdiction of Court of Appeals.**

The court of appeals has jurisdiction to review on appeal final judgments of county courts in suits under the forcible entry and detainer act.

*Appeal from the County Court of Arapahoe County.*

Mr. W. W. GARWOOD, for appellant.

Mr. T. W. HOYT, for appellee.

WILSON, P. J.

This is an appeal taken from the judgment of a county court in a suit under the forcible entry and detainer act. Appellee moves to dismiss because of want of jurisdiction in this court over the subject-matter of the action. Prior to 1885, an appeal would not lie from a county court judgment in proceedings of this character, to the supreme court. Section 17 of the statute then in force provided that "Appeals and writs of error to the supreme court from the judgments of the district court, and writs of error to the judgment of any county court in proceedings of this character, shall be allowed as in other cases."—Gen. Stats., p. 505; *Brandenburg v. Reithman,* 7 Colo. 324.

At the legislative session of 1885, the entire forcible entry and detainer statute was amended and re-enacted, and it was therein provided that "appeals and writs of error to the supreme court from the judgment of the district, county or superior courts of this state in proceedings under this act, shall be allowed as in other cases."—Laws 1885, p. 230, sec. 22; Mills' Ann. Stats., sec. 1992.

The evident intent and purpose of this section as amended was to invest the supreme court with jurisdiction of such cases on appeal. Theretofore, the court could review judgments of county courts in proceedings under this statute only on error. Thereafter, it could review them on appeal. By legislative act, approved and taking effect April 6, 1891, the court of appeals was created, and it was invested with jurisdiction "to review the final judgments of inferior courts of record in all civil

cases, and in all criminal cases, not capital."—Laws 1891, p. 119, sec. 4; 3 Mills' Ann. Stats., sec. 1002d. In the third subdivision of the same section, it was provided that "Writs of error from, or appeals to the court of appeals shall lie to review final judgments within the same time and in the same manner as is now or may hereafter be provided by law for such reviews by the supreme court."

It must be conceded, and appellee does not attempt to deny, that at this time by virtue of this statute this court had jurisdiction to review on appeal the final judgment of a county court in a suit arising under the forcible entry and detainer act. At this same session of the legislature, however, and on April 13, 1891, an act was passed and went into effect amending section 22 of the forcible entry and detainer statute, by substituting another section therefor.—Laws 1891, p. 228; 3 Mills' Ann. Stats., sec. 1992. In this amended section, it was still provided that appeals and writs of error to the supreme court would lie, as under the statute before amendment, and it was not specifically provided that such appeals or writs of error would lie to the court of appeals,—this court was not named. By reason of this, the latest expression of the legislative intent, it is contended that this court is without jurisdiction. Appellee insists that the case as presented is identical with that of an action under the divorce act, in which it has been held, both by this court and by the supreme court, that this court was without jurisdiction to review the final judgment.—*Mercer v. Mercer,* 13 Colo. App. 237; *Mercer v. Mercer,* 27 Colo. 216.

We think counsel are in error in both contentions. The 1891 amendatory act of the forcible entry and detainer statute does not undertake to provide a different and complete form of procedure in such cases. That portion of it which provides for a review of the

judgment by an appellate court is not amendatory at all; it is in precisely the same language as was the old statute. The only amendment is by the addition of some provisions with reference to certain bonds which are required to be given on appeal. We can see no evidence whatever, and none has been pointed out to us, of a legislative intent to provide a new or complete system of procedure or to restrict the right of appeal in such cases to the supreme court. In proceedings under the divorce act, the facts were entirely different, and these differences are fully pointed out in the opinion of this court in the Mercer case. There, two years after the creation of this court, an act was passed specifically providing for a full and complete system of practice and procedure in relation to divorce and alimony, in many instances and materially different from the statutes in relation to these subjects theretofore in force, and repealing all existing acts in reference to them. Our decision which was fully concurred in by the supreme court, was based upon the rule that "wherever the legislature attempts to enact a statute covering subject-matter which has theretofore been the object of legislation and providing a complete system for it, we have a right to conclude that it was the legislative purpose to repeal all acts inconsistent with it." It is obvious that the present case does not come within this rule. In this case, in our opinion, there was no intent on the part of the legislature by its amendatory statute of 1891 to divest this court of the jurisdiction which had been conferred upon it to review on appeal final judgments of county courts in suits under the forcible entry and detainer act; and such jurisdiction is still vested in this court equally with the supreme court.

Counsel cite us to the opinion in *Reynolds v. Larkins,* 10 Colo. 126, in which it was said: "The forc-

ible entry and detainer statute is, on the other hand, a separate and independent law, treating solely of the actions indicated by its title." This may be true, and yet by no means is it sufficient to deprive this court of appellate jurisdiction. Concede it to be a separate and independent law, and still if the proceeding under it be a civil action or case and the judgment rendered be final (neither of which propositions is or can be disputed), there can be no question under the statute creating this court of its jurisdiction to review such judgment, there being nothing in the act expressing or indicating a purpose or intent to the contrary.

The motion to dismiss the appeal will be denied.

<em>Motion denied.</em>