[No. 6344.]

### CALLBREATH v. HUG.

1. **Appeals — Judgment Not Involving Freehold —** To give an appeal on the ground that the judgment relates to a freehold, the judgment must necessarily take from one party and give to the other a freehold. It is not sufficient that a freehold is collaterally or incidentally called in question. A judgment quieting the title to land as against one merely asserting that they are in ·fact the property of a third person, and that by an attachment against said third person he has acquired a lien, does not involve a freehold, and no appeal lies, by the attaching creditor.—(203-206)

2. **Appeals—Where ·No Appeal Lies—**An appeal where no appeal lies must be dismissed unless the appellee appears.—(203)

*Appeal from Custer District Court*—Hon. MORTON S. BAILEY, Judge.

Mr. CHARLES F. CARNINE, for appellant.

No appearance for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Appellee, as plaintiff, brought an action in the

nature of a suit in equity against appellant and others, as defendants, the purpose of which was to quiet her title to certain lands. The defendants, except appellant, defaulted. The appellant filed a demurrer to the complaint, challenging it upon the grounds: (1) That it did not state a cause of action; and (2) that it appeared her cause of action was barred by the statute of limitations. The demurrer was overruled, and the demurrant having elected to stand on his demurrer, a decree was entered, granting plaintiff the relief demanded in her complaint and quieting her title to the real estate involved as against the defendants and each of them. From this decree the defendant Callbreath has brought the case here for review on appeal. At the time this appeal was taken, the code provision in force—§ 388—provided that appeals could be taken to the supreme court where the judgment or decree appealed from was final, and amounted, exclusive of costs, to the sum of one hundred dollars, or related to a franchise or freehold. Appellee has not entered an appearance.

There is no money judgment, neither is a franchise nor freehold involved; consequently, this court is without jurisdiction to entertain the appeal, and on the authority of *Brady v. People,* 45 Colo. 364, it will be dismissed, and cannot be entered and considered on error.

According to the averments of the complaint the defendant, Daniel Hug, in June, 1882, claimed and entered the lands in controversy under the Homestead Act, and lived thereon with the plaintiff, his wife, until August, 1888, at which time he deserted her; that on April 21, 1890, he made final proof upon his homestead entry, but did not pay the government the final fee and receive his receiver's receipt, until May 22, 1905, upon which receipt a patent was issued

November 8th following. June 6, 1890, the plaintiff obtained a decree of divorce from the defendant Hug, and judgment for alimony in the sum of $100.00 per month. On December 14, 1895, the plaintiff caused an execution to issue upon her judgment, which was levied upon all the right, title and interest of the defendant in the lands in controversy; that on January 28, 1896, a sheriff's certificate of sale was delivered to plaintiff, conveying to her the right, title and interest of the defendant Hug in the property so levied upon, and on December 17 following she received a sheriff's deed for these premises. It further appears from the averments of the complaint that plaintiff has been in possession of these lands, claiming the same in fee simple for more than ten years prior to the commencement of her action, and during that period has paid each year all the taxes lawfully assessed thereon.

It further appears from the complaint that the defendant Hug, on receipt of patent to these lands, conveyed the same to Martha B. Hug, one of the defendants; that on March 23, 1906, the defendant Callbreath commenced an action in the district court of the city and county of Denver against Daniel and Martha B. Hug, upon which a writ of attachment was issued, under and by virtue of which, April 10, 1906, the premises described in the complaint were levied upon.

Plaintiff further charged that Hug, intending to defraud and cheat her out of the lands, and prevent her from collecting the alimony awarded her, neglected to pay the final fee and take up the receiver's receipt, and that when he did receive patent, he conveyed the premises to Martha B. Hug without consideration. It was also charged in the complaint that in the divorce proceedings the defendant Hug was enjoined from selling or encumbering the premises

in controversy, or from in any manner interfering with her possession thereof, and that afterwards a decree was entered, modifying her allowance of alimony from one hundred dollars per month to a title in fee for the premises, and enjoining him from conveying them, or interfering with her possession, which decree and order is still in full force and effect.

In support of his contention that the demurrer to the complaint should have been sustained, counsel for appellant contends that the amended judgment was a nullity; that lands acquired under the Homestead Act are not liable for any debt of the entryman contracted prior to the issue of patent therefor; that plaintiff did not acquire a prescriptive title to the premises for the reason that they were not subject to taxes prior to issuance of patent; that lack of sufficient consideration for the conveyance from Hug to Martha B. Hug was not alleged; that her action in so far as it is based upon charges of fraud was not commenced within three years after its discovery; and that she has not excused her delay in failing to commence her action at an earlier date. In short, the contention of appellee is, that the judgment against his codefendants, that they had no interest in the premises, is erroneous, for the reason that a cause of action is not stated as against them. They are not complaining.

By the judgment rendered the title to the premises, as between plaintiff and Daniel and Martha B. Hug, has been finally adjudicated, and a decree rendered to the effect that she is the owner in fee of the premises in controversy as against them. The only question presented by the appellant is, whether or not, by virtue of his attachment, he has acquired a lien upon these premises superior to the right, title and interest of the plaintiff. This does not involve

a freehold. The judgment of which he complains denied his right to a lien, but that did not deprive him of a freehold. If it should be determined that his contention is correct—that is, that he has a lien upon the premises superior to plaintiff's title—that does not divest her of title, neither would it invest him with title. She would still be the owner of the premises in fee, subject to appellant's lien, which she would have the right to discharge. The fact that it would be necessary, in order to determine the question presented by appellant to ascertain what title she obtained to the premises by virtue of the proceedings which she relies upon to establish it as against Daniel and Martha B. Hug does not alter the situation, for the reason, as previously stated, that she is invested with a good title as against them, by virtue of the decree rendered in her favor.

As applied to this case, a freehold is not involved, within the meaning of the statute conferring jurisdiction on the supreme court to review a cause on appeal unless the judgment necessarily takes from one and gives to the other party to the action a freehold title. It is not sufficient that it is incidentally or collaterally drawn in question.—*Harvey v. Travelers Ins. Co.*, 18 Colo. 354; *Murto v. King*, 28 Colo. 357; *Brandenburg v. Reithman*, 7 Colo. 323; *McCandless v. Green*, 20 Colo. 514.

As it is apparent that even if appellant's contention should be upheld he would not gain a freehold, nor plaintiff lose one, in the premises, we are without jurisdiction to entertain his appeal, it will, therefore, be dismissed without prejudice.

*Dismissed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE WHITE concur.