[No. 3506.]

CASSERLEIGH ET AL. v. SPAR CONSOLIDATED MINING CO.

APPEALS—*Freehold Involved—Remanding Cause.* An action seeking to enjoin a cloud upon the title to lands does not involve the freehold. No appeal lies from a decree in such cause.

*Appeal from Denver District Court.* HON. GREELEY W. WHITFORD, Judge.

·Mr. M. B. CARPENTER, Mr. F. T. JOHNSON, for appellants.

Messrs. THOMAS, BRYANT, NYE & MALBURN, for appellee.

CUNNINGHAM, Judge.

Appellee, as plaintiff below, brought this action in the district court to remove the cloud from its title to certain mining property, occasioned by the attempted lien asserted by appellant Casserleigh.

It appears from the complaint that Casserleigh was attempting to subject the property involved to an execution issued on a judgment in his favor and against certain individuals. This action was brought by the mining corporation to enjoin and restrain the sheriff from selling the property under said execution, and to quiet the title of the same in the mining company as against Casserleigh's claim under the aforesaid execution. The plaintiff company, appellee here, prevailed in the court below, and this case is in this court on appeal from such judgment.

Counsel for appellants have filed a motion to remand the case to the supreme court, on the ground that, as they assert, a freehold is involved. Under the ruling in *Callbreath v. Hug,* 48 Colo., 202, the motion to remand must be denied.

Having determined that a freehold is not involved, and there appearing no other grounds, under the code, warranting the appeal, the appeal will also be dismissed, and under the authority in the case of *Western Pole and Lumber Company v. City of Golden,* No. 3386, recently determined by this court, the case will be re-entered as pending on error, and the clerk is hereby instructed to enter the necessary orders in the premises.

Motion to remand denied; appeal dismissed; case re-entered as pending on error.

HURLBUT, Judge, dissents from so much of the opinion as pertains to the right of the court to re-enter the case as pending on error.