[No. 3439.]

EQUITABLE MINES CO. v. MAXWELL, ET AL.

1. APPEALS—*Freehold Involved.* No appeal lies, under Rev. Code, sec. 422, from a decree relating to a leasehold in land.

2. —— *Dismissal of Appeal, as to Part of Appellees—Effect.* Joint appeal of several from a joint judgment. On motion of part of the appellees, who, though more than three years had elapsed since the entry of the judgment, had made no appearance, the appeal was dismissed as to them.

As to the effect of the order upon one defendant who had appeared generally, the opinion of the court was reserved.

*Appeal from Lake District Court.* HON. CHARLES CAVENDER, Judge.

Mr. CHARLES K. PHILLIPS, for appellant.

Mr. JULIUS C. GUNTER, Mr. JOHN M. MAXWELL, for appellees.

### *Motion to Dismiss Appeal.*

KING, J., delivered the opinion of the court.

The appellant corporation, plaintiff below, brought its suit against John M. Maxwell, Warren F. Page and The Luema Mining Company, defendants below (appellees here), to obtain a decree declaring and adjudging the defendants to be trustees for the use and benefit of the plaintiff, and as such, to hold the legal title to certain leasehold interests in mining claims belonging to The Brattleboro Mining Company, and that they be required to execute to plaintiff an assignment of said lease, and account for ores mined and extracted from the premises under the terms of the lease. After separate answers had been filed by all of the defendants, and replies made thereto, the defendant, Maxwell, by consent of all parties, was permitted to withdraw his answer and file a demurrer to the complaint. Upon hearing, this demurrer was sustained, and thereafter, on December 15th, 1908, judgment was entered against the plaintiff, by which the action was dismissed as to all of the defendants, and the costs taxed to plaintiff, from which judgment an appeal to the supreme court was prayed and allowed. The appeal was perfected and the record lodged in the supreme court. Thereafter the defendant, Maxwell, by his attorney, appeared and filed his answer brief. The appellees, Page

and The Luema Mining Company, made no appearance until the filing of their motion to dismiss the appeal, January 27th, 1912, as follows:

"Come now the above named appellees, Warren F. Page and The Luema Mining Company, entering their appearance herein for the purposes of this motion only, and move this honorable court to dismiss the appeal in the above entitled action, and for grounds of said motion state:

"1.   The judgment rendered and entered by the court below, from which this appeal was attempted to be taken, was a judgment of dismissal and for costs against the plaintiff and in favor of the defendants.

"2.   The alleged cause of action stated in the complaint does not relate to a franchise or a freehold.

"3.   The judgment was rendered and entered by the court below on the 15th day of December, A. D. 1908, more than three years prior hereto.

"4.   No *scire facias* or summons to hear errors has ever been issued out of the supreme court of the state of Colorado, or out of this honorable court, or served upon the appellees or either of them.

"5.   This honorable court is without jurisdiction of the persons of the appellees or either of them, and for this reason this cause cannot and should not be re-docketed or re-entered as pending on error, as provided by section 388a of the civil code of Colorado."

Inasmuch as the judgment was not a money judgment for any sum whatever exclusive of costs, it is evident that an appeal would not lie therefrom under section 388, Mills' Annotated Code, unless such judgment relates to a franchise or a freehold. The interest sought to be obtained, as disclosed by the prayer, as well as by the allegations of the complaint, was the legal title to a certain leasehold interest in mining claims, under a lease

the term of which extended from the first day of November, 1908, until the first day of November, 1913. No authorities need be cited in support of the statement that a lease of real estate for a term of years is not a freehold estate. This interest was less than a freehold, and therefore, the judgment did not and does not "relate to or involve a freehold," as construed by our supreme court, which has uniformly held that under the statute governing appeals to that court an appeal does not lie on the ground that the judgment relates to a freehold unless the right or title to the freehold is the direct subject of the action, nor unless the judgment is conclusive of such right or title until reversed. *Harvey v. Travelers' Ins. Co.*, 18 Colo., 354; *Weiss et al. v. Gullett et al.*, 29 Colo., 121; *Callbreath v. Hug*, 48 Colo., 202.

Counsel for appellant contends that the appellees making this motion have no standing in this court because the judgment was entered upon the separate demurrer of the defendant, Maxwell; that such appellees withdrew their answers, did not demur, and were consequently in default. Counsel misstates the record, which nowhere shows that their answers were withdrawn. The judgment was in favor of all of the defendants, the appeal was taken as to all, and the bond runs in favor of all.

The defendant, Maxwell, has not joined in the motion for a dismissal, and did not raise the question that if dismissed as to the two defendants moving herein, it would operate to dismiss the appeal as to him also. But counsel for appellant raised such question and insists that upon dismissal the cause should be re-entered as pending on error. Inasmuch as the appellees making this motion entered no general appearance in the supreme court, or in this court, or any appearance except to interpose this motion, and more than three years having

elapsed since the entry of the judgment, the cause cannot be re-entered as pending on error. *Brady v. People,* 45 Colo., 365; *Johnston v. Eagle Ore Sampling Co.,* 46 Colo., 182; *D. & R. G. R. R. Co. v. Casady,* 50 Colo., 351.

For the reasons given the motion to dismiss the appeal as to the appellees joining therein is granted, and the application to re-enter the cause as pending on error is denied. The appellee, Maxwell, is not before the court upon this motion, and it would be manifestly improper to decide, or even to intimate, and we do not decide at this time, what effect, if any, the dismissal of the appeal as to his co-defendants will have upon him.

Morgan, J., not participating.