Lillard v. Brannin & Brand.

CASE 94—PETITION EQUITY—MAY 9.

# Lillard v. Brannin & Brand.

APPEAL FROM LOUISVILLE LAW AND EQUITY COURT.

1. SERVICE OF SUMMONS BY SPECIAL BAILIFF.—A special bailiff appointed by the court to serve a summons under section 668 of the Civil Code must reside in the county in which the defendant is summoned.  The court can not confer upon one the power to serve a summons in another county than that in which he resides.

The Louisville Law and Equity Court could not confer upon a resident of Jefferson county the power to serve a summons in Breckinridge county, although the court had acquired jurisdiction of the cause by the service of summons on one of the defendants in Jefferson county.  If necessary to appoint a special bailiff, the court should have appointed a resident of Breckinridge county.

2. OBJECTION TO JURISDICTION.—When the court has improperly overruled an objection to its jurisdiction over the defendant, and the defendant files an answer expressly reserving the question, it is not necessary that he should thereafter, at every step, question the power of the court over him in order to save his right to make objection in this court.

3. APPEARANCE ENTERED BY PROSECUTION OF APPEAL.—The defendant,

Lillard v. Brannin & Brand.

having prosecuted an appeal, should be regarded as having entered his appearance, and upon the return of the cause to the lower court, service of process will not be necessary.

4. PRAYER FOR RELIEF.—In an action to enjoin defendants from transferring to others certain shares of stock in a corporation, and to compel them to transfer the stock to plaintiffs, a prayer for "general relief," defense being made, will authorize a judgment for the value of the stock, if it belonged to plaintiffs, and defendants have disposed of it.

O'NEAL, PHELPS & PRYOR FOR APPELLANT.

1. Under the general prayer for relief, the court can not grant other relief than that specifically prayed for. (Hansford v. Holdam, 14 Bush, 210; Howland Coal and Iron Works v. Brown, 13 Bush, 681.)

2. A special bailiff has no authority outside of the county in which he was appointed. (Civil Code, sec. 48.)

DODD & DODD FOR APPELLEES.

1. The Union Gas Company and John W. and O. C. Richardson were necessary parties in order to determine the appellees' title to two-thirds of the five hundred shares of stock in controversy, and as they were properly served in Jefferson county, the court acquired jurisdiction to determine the entire controversy, even if appellant did change his residence before the suit was filed; but, in any event, his several general appearances made in the suit operated as a waiver of any objections to jurisdiction over his person. (Dyas v. Lindsey, 4 Bush, 349; Barbour v. Newkirk, 83 Ky., 529; Ches. & Ohio R. Co. v. Heath, 87 Ky., 660.)

2. Where specific performance can not be decreed because of defendant's fault, a court of equity will compensate the plaintiff in damages in the same action under the prayer for general relief. (Oldham v. Halley, 2 J. J. Mar., 116; Cooper v. Martin, 1 Dana, 27; Repplier v. Buck, 5 B. M., 98; Waller v. Logan, 5 B. M., 530; Allen v. Coffman, 1 Bibb, 471; Basye v. Beard, 12 B. M., 587; Wood v. Lee, 5 Mon., 66; English v. Foxall, 2 Pet., 595; Story v. McArthur, 16 Pet., 195; 14 Pet., 164; 10 Pet., 209; 17 How., 455; 10 Wall., 86; 6 Pet., 402; 9 How., 405; Mobile v. Kimball, 102 U. S., 706; Story's Eq. Pleading, secs. 40, &c.; 3 Dan. Ch'y, 1797; Foster's Fed. Practice, sec. 83, &c.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

John W. and O. C. Richardson obtained leases of gas and oil rights in lands bordering upon the Ohio

river in the county of Meade, and, with a view of utilizing their leases, organized a corporation with a capital stock of a half million of dollars. They en tered into some arrangement with the appellant, Lillard, by which they agreed if he and his associates would raise a certain amount of money to enable them to begin operations, they would transfer and deliver to them fifty thousand dollars of the stock. Lillard applied to the appellees, Brannin & Brand, to assist him in disposing of the stock so as to raise the ten thousand dollars, and agreed to divide equally with them this fifty thousand dollars for their services or aid in raising the money. They raised the money, as they allege, having accepted his proposition, and, after complying with their contract, the appellant, Lillard, refused to make any transfer of the stock as he had agreed to do, and insisting that the contract had in some manner been canceled, refused, after demand, to give them any interest in the stock whatever. This is the substance of the averments of their petition, in which they obtained an injunction to prevent the transfer of stock to others by the appellant, and asking that the transfer be made to them in proportion to their interest on the books of the corporation, making the corporation a defendant to the action, and praying for all general relief. Under the prayer for general relief the plaintiffs obtained a judgment for ten thousand dollars, the value of the stock, the defendant declining to make any transfer to the plaintiffs, but claiming its transfer to some one else.

The corporation is located in Louisville, upon which

service was had, and Lillard, the appellant, residing in Breckinridge county, a summons was directed to the sheriff of that county, and not served, but a return made by a deputy, from which it appeared the appellant was evading the service of process. On an affidavit filed by the appellees a special bailiff was appointed to serve the summons under section 668 of the Civil Code providing that " the court for good cause may appoint a person to serve a particular process or order, and he shall have the same power to execute it which a sheriff has. His return must be verified by his affidavit," &c.

After ineffectual attempts to serve process in Breckinridge county had been made by the sheriff of that county and by a special bailiff, the court appointed C. F. Leatherman and several others as special bailiffs to execute the summons, and finally the same was served by Leatherman either in Meade or Breckinridge county under the special appointment, Leatherman being a resident of Jefferson county.

Chapter 1 of the Civil Code, title 15, section 667, provides the officers to whom process may be directed, and is as follows: "Every process in an action or proceeding shall be directed to the sheriff of the county; or if he be a party, or be interested, to the coroner; or if he be interested, to the jailer; or if all these officers be interested, to any constable," &c. Then follows section 668, the provision authorizing the court, for good cause shown, to appoint a person to serve a particular process or order, with the same power to execute it which the sheriff has. This special bailiff is a substitute for the sheriff or other officers named,

and is appointed for the reason that those officers are unable to execute it, or for some other good cause. This special bailiff has conferred upon him no greater power than the sheriff or other named officers have in executing a summons; and if a sheriff or the other officers of Jefferson county who are designated by law for the purpose of serving a summons fail to act, or, for some good cause, it becomes necessary to appoint a special bailiff, that bailiff must be appointed in Jefferson county to serve the summons in that county, or if the Jefferson court has jurisdiction of the case by reason of the service on one of the defendants in that county, or by reason of its being a local action, and the defendant to be summoned lives in Breckinridge or some other county, the process must be sent to the sheriff of that county, or the officers named in section 667, unless, for good cause, it becomes necessary to appoint a special bailiff, and if so, the special bailiff must reside in the county where the defendant lives or is summoned. The sheriff of Jefferson county can not serve a summons in Breckinridge county, nor can a substitute appointed in Jefferson county, and who resides there, serve the summons in any other county. He has no such unlimited power by reason of his appointment as enables him to serve a summons in any county where he may find the defendant; and, therefore, if the appellant actually resided in Jefferson county and left it, the court could not have appointed this special bailiff with the authority to serve it in any county where he might be found. The official power of the bailiff in serving a summons is confined to the county in which he may be appointed. It re-

sults, therefore, that the motion to quash the return on the summons should have been sustained. The appellant appeared and questioned the jurisdiction over him by reason of the service of the summons, and for no other purpose. When his motion was overruled he filed an answer reserving the question. This is all he could do, and the fact that he may have failed to question the power of the court over him at every step taken in the case was not a waiver of his right to make the objection in this court.

It is insisted by counsel for the defense, that as the court had no jurisdiction over the person of the defendant, and being compelled to answer, the judgement against him should be treated as a judgment by default, and was, therefore, erroneous under section 90, Carroll's Code, because the judgment for the value of the stock was not specifically demanded. It is not necessary to determine that question, because if not properly served, so as to give the court jurisdiction to render the judgment, he is entitled to a reversal. Having prayed an appeal to this court, his appearance will be considered as now entered to the whole case, and on its return to the court below, either party may amend their pleadings. The plaintiffs may pray for alternate relief if they desire, still we perceive no reason, where defense is made, why the prayer for general relief would not authorize a judgment for the value of the stock if it belongs to the plaintiffs, and the defendant has disposed of it.

The judgment is reversed, and cause remanded for proceedings consistent with this opinion.

Chesapeake, &c., R. Co. v. Heath's Adm'r, 87 Ky., 651, and cases cited.