## WELLINGTON v. BECK.

APPELLATE PRACTICE—SCIRE FACIAS—SERVICE.

A *scire facias* or summons to hear errors issued by the clerk of the supreme court must be directed to the sheriff of the county where the defendant in error resides or may be found, and no other person than such sheriff or his authorized deputy has authority to serve such summons. An attempted service of such summons made by a person not authorized by law to make such service is a nullity.

*Error to the District Court of Eagle County.*

*On Motion to Vacate Judgment and Service of Scire Facias.*

Plaintiffs in error sued out a *scire facias*, or summons to hear errors, directed to the sheriff of Eagle county, in accordance with the provisions of Mills Ann. Code § 404, which provides that the clerk of the supreme court, when requested by plaintiff in error, shall issue a *scire facias*, or summons to hear errors, directed to the sheriff of the county where the defendant in error resides, or may be found, commanding him to summon the defendant in error to appear at the next term of the supreme court and show cause, if any he have, why the judgment or decree mentioned in the writ of error should not be reversed. The writ in this instance was delivered to counsel for plaintiff in error. Service thereof was made by a private party. 1 Mills Ann. Stat. § 970 provides that all process sued out of the supreme court shall be executed by the officer to whom the same is directed; and 1 Mills Ann. Stat. § 855 directs that the sheriff in person, or by his under-sheriff, or deputy, shall serve and execute according to law all writs to him directed. Defendant in error neither

entered an appearance nor joined in error. After the rendition of a judgment by this court, reversing the judgment of the lower court, she entered a special appearance and moved for an order vacating such judgment, and quashing, vacating and setting aside the service of the writ of *scire facias*.

Mr. JAMES DILTS and Mr. A. J. STERLING, for plaintiff in error.

Mr. CHARLES K. PHILLIPS, for defendant in error.

*Per Curiam.*—The code (Mills Ann. Code § 404) provides that a summons to hear errors shall be directed to the sheriff of the proper county. According to its provisions, he is the official commanded to summon the defendant in error. The statute directs that all process issued out of this court shall be executed by the officer to whom the same is directed, and that the sheriff or his duly authorized deputy shall serve process directed to him. No other officer or person is authorized to perform this duty; hence, an attempt by one to execute process not authorized by law to do so, is a nullity. Unless a summons to hear errors is served as by law required, or such service is in some way waved, this court is without authority to render judgment against a defendant in error. *Schwabacker v. Reilly*, 2 Dillon, 127; *Douthit v. Martin*, 39 S. W. Rep., 944; *Republican Valley R. Co. v. Sayer*, 13 Neb., 280; *Lillard v. Brannin*, 16 S. W. Rep., 349; *Hickey v. Forristal*, 49 Ill., 255; *Witt v. Kaufman*, 25 Tex., 384.

The issuance of the *scire facias* to hear errors did not give this court jurisdiction, unless served. The responsibility of a legal service rests with the counsel

to whom delivered, and in no case is the clerk required to deliver a writ to the officer to whom directed; that is the duty of counsel; so that the failure to have the *scire facias* served as by law required, in this instance is the fault of counsel for plaintiffs in error.

The judgment of this court, reversing the judgment of the district court, is vacated, the opinion upon which such judgment is based withdrawn, and the service of the writ of *scire facias* vacated. Leave is granted plaintiffs in error to sue out an alias *scire facias*, if so advised.

*Motion sustained.* ·