[No. 5581.]
[No. 3259 C. A.]

## McVicker v. Rouse.

Writ of Error—Process—If the transcript of ·the record is filed in the supreme court, a writ of error need not be delivered to the clerk of the court below.—P. 256.

Unless the sci. fa. to hear errors is issued within three years from the entry of the judgment complained of, or is waived by an appearance, the supreme court has no jurisdiction and the writ of error will be dismissed.—Pp. 256, 257.

*Error to El Paso District Court.*
*Hon. Morton S. Bailey, Judge.*

Mr. HARRY TROWBRIDGE, for plaintiff in error.

No appearance for defendant in error.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

March 25, 1905, transcript of the record of the court below, and assignments of error, were filed in the court of appeals by plaintiff in error, upon a judgment of the court below rendered March 31, 1902; upon consolidation of the court of appeals with this court, the record came here, by virtue of the amendment to the constitution.

Plaintiff in error filed his abstract of the record June 9, 1905, and briefs August 21, 1905.

The transcript of the record having been filed before the issuance of the writ of error, it became unnecessary to deliver to the clerk of the court below the writ of error. (Supreme court rule.)

No *scire facias,* or summons to hear errors, has been issued by the clerk of this court, and defendant in error has not in any manner waived the issuance and service of a *scire facias* or summons to hear errors.

Section 401, Mills' Ann. Code, provides that a writ of error shall not be brought after the expiration of three years from the rendition of the judgment complained of; this statute is a statute of limitations. —*Willoughby v. George,* 5 Colo. 80; *Haley v. Elliott,* 20 Colo. 199.

Writs of error must be prosecuted within the time limited by the statute.—*Stebbins v. Anthony,* 5 Colo. 348; *Clayton v. Cheeley,* 5 Colo. 337.

A writ of error is not brought within the requirements of Mills' Ann. Code, § 401, *supra,* until the

summons to hear errors has been issued by the clerk of this court, as required by Mills' Ann. Code, § 404, or the issuance of such summons has been waived in an appropriate manner by the defendant in error.

In *Brooks v. Norris,* 11 How. 204, Chief Justice Taney, in discussing § 22, chapter 20, of the act of 1789, which provides that writs of error shall not be brought but within five years after rendering or passing the judgment or decree complained of, said:

"It appears by the record that the judgment was rendered on the 25th of October, 1843. The writ of error by which the case is brought here was allowed by the chief justice of the state court, upon the petition of the appellant, on the 19th of October, 1848, and the bond also bears date on that day. But the writ of error was not issued until the 4th of November following. It was issued by the clerk of the court in which the judgment was rendered, and on the same day, as appears by indorsement upon it, filed in that office by the counsel for the plaintiff in error. More than five years from the day of the judgment had therefore elapsed when this writ of error was filed."

The writ was dismissed upon the ground that it was barred by the limitation of time prescribed by the act of congress.

"A writ of error, issuing out of the court of error, is essential to such court's jurisdiction. Such writ should be properly attested, and a citation to defendant in error should be annexed within the time prescribed by law; otherwise the case will be dismissed."—2 Cyc. 854.

In *Wellington v. Beck,* 29 Colo. 73, it was said:

"Unless a summons to hear errors is served as by law required, or such service is in some way waived, this court is without authority to render

judgment against a defendant in error." (Citing cases.)

No *scire facias* or summons to hear errors having been issued or served in this case, and service thereof not having been waived, this court has no jurisdiction to determine the case; for which reason it will be dismissed.    *Dismissed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE HELM concur.