[No. 5972.]

## BRADY v. PEOPLE, ETC.

1. Appeals—Where an Appeal Lies—No appeal lies from a judgment of the district court awarding a peremptory mandamus to the county commissioners requiring the levy of a tax.—(365)

2. Appeals—Docketing as Writ of Error — Section 388a of the Code has no application where the appellee has made no appearance, and no scire facias has been served.—(365)

*Appeal from Arapahoe District Court* — Hon. A. H. DE FRANCE, Judge.

Mr. W. A. BRYANS, for appellant.

No appearance for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Appellee instituted proceedings in mandamus in the court below to compel appellants to levy a tax of three and one-half mills upon the property subject to taxation in certain school districts of the county of Arapahoe, for the purpose of maintaining public schools. The judgment was in favor of the appellee, from which the board of county commissioners appealed to this court, the transcript of the record having been filed with the clerk May 5th, 1906.

By the constitutional amendment adopted in 1903, Session Laws of that year, 151, it is provided:

"Until otherwise provided by law, the supreme court shall have power to review the judgments and proceedings of inferior courts in such instances and in such manner as was provided by law previous to the act establishing the court of appeals."

Section 388 of the civil code, therefore, designates when this appeal was taken, in what instances an appeal will lie to the supreme court. By this section it is provided that appeals to the supreme court from the district and county courts shall be allowed where the judgment or decree appealed from is final, and shall amount, exclusive of costs, to the sum of one hundred dollars, or relates to a franchise or freehold. In the case at bar, there is no money judgment, neither is a franchise nor freehold involved; consequently, this court is without jurisdiction to entertain the appeal.

Section 388a of the Code provides that, whenever the supreme court shall dismiss an appeal for lack of jurisdiction, in cases where jurisdiction would attach if the action had come up on writ of error, it shall be entered as pending on error. In the circumstances of this case, this section does not apply. The appellee entered no appearance, and therefore jurisdiction of his person has not been obtained. Unless summons to hear errors is issued and served, or the service thereof is in some way waived, this court is without jurisdiction of a defendant in error. —*Wellington v. Beck,* 29 Colo. 73; *McVicker v. Rouse,* 44 Colo. 255; 98 Pac. 807.

If the appeal should be entered as pending on error, we could not proceed to judgment because of lack of jurisdiction of the person of the appellee. The appeal has been regularly reached, and must, therefore, be dismissed.          *Appeal dismissed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE HILL concur.