[No. 6161.]

## JENSEN v. THE EAGLE ORE COMPANY.

**Bailment—Liability of Bailee**—The bailee may not refuse to deliver the bailment to the bailor, upon the plea that another is the true owner, unless he has yielded the goods to such owner; and he has the burden of showing title in the stranger.—(309)

That before the bailor acquired the possession, the goods had been stolen by an unknown thief, from an unknown owner, and that the bailee, by proper inquiry, might have ascertained the facts, is no answer to his demand.—(311)

*Error to Teller District Court*—Hon. LOUIS W. CUNNINGHAM, Judge.

Messrs. HUFF & FERGUSON, for plaintiff in error.

Mr. W. J. CHINN, and Mr. EDWARD J. BOUGHTON, for defendant in error.

Mr. JUSTICE WHITE delivered the opinion of the court:

Jensen, the plaintiff in error, instituted this suit against The Eagle Ore Company, to recover the value of certain ore, and the sacks in which it was contained, alleged to have been delivered by the plaintiff to the defendant, and by the latter wrongfully converted to its own use.

The defendant is a corporation conducting and carrying on a general ore sampling business, and buying and selling ore.

The pleadings admit, or the undisputed evidence shows, that plaintiff delivered to the defendant certain sacks of the value of $40.75, containing ore of the value of several hundred dollars, under an agreement that defendant would crush and sample the ore and deliver said property to plaintiff upon demand, unless a sale thereof to the defendant should be agreed upon between said parties; that no sale was consummated, and that plaintiff, prior to the bringing of the suit, made demand on defendant for the possession of said property, with which demand defendant refused to comply.

The defense interposed is, that plaintiff was never at any time the owner of the ore, or any part thereof, and never was entitled to its possession; that his possession was at all times unlawful and fraudulent; that The Cripple Creek District Mine Owners' and Operators' Association was the agent of the owners of all the ore and entitled to the possession thereof; that said association asserted its right of ownership in said ore, and that defendant afterwards purchased it from said association and thus acquired title thereto. The affirmative allegations of the answer were denied by the replication. The lawful existence of said mine owners' association, and its power to act in the premises, was also put in issue. The answer in no wise disclosed the particular owner or owners of the ore for whom the said association was the alleged agent, nor did the evidence adduced give light thereon. The Cripple Creek District Mine Owners' and Operators' Association was brought into existence by a voluntary agreement, said to have been entered into among certain mine owners and operators of mines, for the purpose, as stated in said agreement, of forming "a co-operative alliance and association for the protection of the mining interests of the said district, and the promotion of the

welfare and prosperity of the mining industry.'' The articles of agreement of the mine owners' association were offered in evidence, and, over objections interposed, received. No proof was adduced as to the authenticity of the signatures appearing thereto, except solely as to that of this defendant.

By agreement the cause was tried to the court without the intervention of a jury. The contract of bailment, and the possession of the property thereunder, having been admitted, the plaintiff presented his evidence of value of the property in question, and rested the case. Thereupon the defendant undertook to establish its affirmative defense, that The Cripple Creek District Mine Owners' and Operators' Association was the agent of the owner of said property, and entitled to its possession, and had asserted its right of ownership thereto. The trial court, however, over plaintiff's objections and exceptions, declared and held, that it was only necessary for the defendant to establish that the possession of the ore by plaintiff was wrongful and unlawful; that it was wholly immaterial to whom the ore belonged, or as to the agency of said association; that if the evidence convinced the court that the ore was stolen, though it failed to disclose from whom, by whom, or when; and that plaintiff by any reasonable inquiry could have ascertained before he purchased it, that it was stolen, the plaintiff could not recover.

Upon this theory the court proceeded, and so limited the inquiry; and at the close of the evidence dismissed the complaint. A motion for a new trial was filed, argued and overruled, and judgment entered in favor of defendant for costs, to review which, plaintiff appeals.

This court is without jurisdiction to entertain the appeal. The judgment is not for such sum, nor does it relate to a matter, that may be reviewed on

appeal.—§ 388, Mills' Ann. Code.   While the defendant has filed no brief, it has nevertheless, through its attorneys of record, entered its appearance by stipulation within the time a writ of error might have been sued out, and *scire facias* served.   Therefore, under sec. 388a of the Code, and the decisions of this court, the cause will be entered as pending on error, and we will proceed to dispose of the case.—*Brady v. People,* 45 Colo. 364; *McVicker v. Rouse,* 44 Colo. 255.

We are clearly of the opinion that the trial court adopted an erroneous view of the law, and thereby committed reversible error.   The general rule is, that the bailee can discharge his liability to the bailor only by returning the identical thing which he has received, or its proceeds, under the terms of the bailment; but to this rule there are certain exceptions. The bailee may show that the property has been taken from him by process of law, or by a person having a paramount title, or perhaps excuse his default in some other way.   But he cannot set up *jus tertii* against his bailor, however tortuous the possession of the latter, unless the true owner has claimed the property and the bailee has yielded to the claim. Story on Bailm., §§ 450, 582; Schouler on Bailm., § 494.

The correct rule, stated in Current Law, vol. 9, pp. 325, 326, is, that: "A bailee can not set up title in himself, but may, if goods are claimed by third person, refuse at his peril, to deliver to bailor, and may protect himself from liability by showing delivery on demand to true owner, but cannot by mere assertion of right in another avoid liability for conversion by himself."   The following authorities are analogous in principle and are cited in support of the rule:   *Atl. & B. Ry. Co. v. Spires,* 57 S. E. 973; *Barker v. Lewis S. & T. Co.,* 79 Conn. 342; *Klein v.*

*Patterson,* 30 Pa. Sup. Ct. 495, 500; *Riddle v. Blair,* 42 So. 560.

In the *"Idaho" case,* 93 U. S. 575, 581, the rule stated and approved is, "That a bailee can not avail himself of the title of a third person (though that person be the true owner) for the purpose of keeping the property for himself, nor in any case where he has not yielded to the paramount title. If he could, he might keep for himself goods deposited with him without any pretense of ownership. But if he has performed his legal duty by delivering the property to its true proprietor, at his demand, he is not answerable to the bailor."

"The relation between bailor and bailee, and that of depositor and depositary of money, is analogous to that of landlord and tenant. Until something equivalent to title paramount has been asserted against the bailee or depositary he will be estopped to deny the title of his bailor to the goods intrusted to him."—Bigelow on Estoppel (4th ed.) 490.

Public policy and reason both combine to require that a bailee shall never be permitted to controvert the bailor's title, or set up against him a title acquired by himself during the bailment, which is hostile to, or inconsistent in character with, that which he acknowledged in accepting the bailment. This rule, however, does not preclude the bailee pleading and showing that he has been dispossessed by superior right, or that he holds the thing bailed, subject to such known right then asserted, and not by him known prior to the bailment.—2 Am. & Eng. Enc. of Law 62.

Between the plaintiff and the defendant, the property was the plaintiff's. By accepting it under the contract of bailment the defendant not only admitted the plaintiff's title thereto, but also assumed with respect to that property, a position of trust and

confidence which continues until the property is returned or lawfully accounted for. It was incumbent upon defendant, in order to relieve itself of the re-delivery of the property or its proceeds to the plaintiff, to establish by a preponderance of the evidence that it actually delivered the property to the true *owner* on his demand. The defendant could not lawfully account for the property, and relieve itself of its contractual obligation to the plaintiff, by showing that the property had been, before plaintiff secured possession thereof, stolen at some unknown time, by an unknown thief, from an unknown and unascertained owner, and that the bailee by reasonable inquiry could have ascertained such facts. It would be a serious reproach to the administration of justice if our courts should adopt a rule that permitted one to acquire possession of property from another under a specific contract to return it, and then subsequently repudiate that contract, and retain possession of the property, under a claim of ownership, acquired from one not specifically shown to have had title thereto. Such a procedure would have close resemblance to theft by sanction of law and cannot be approved. If the bailor has no title, the bailee can have none; for the bailor can give no better than he has. Still without absolute title the bailor may have the right of possession, and the bailee certainly cannot dispute that right, unless by virtue of a specific title asserted, paramount to that of the bailor.—*Bartels v. Arms,* 3 Colo. 72, 75; *Barker v. Lewis S. & T. Co., supra.*

In *Armory v. Delamirie,* 1 Strange 504, it is held: That the finder of a jewel, though he does not by such finding acquire an absolute property or ownership, yet he has such a property as will enable him to keep it against all but the rightful owner, and may recover damages from a bailee for its conversion.

And in *Anderson v. Gouldberg*, 53 N. W. 636, 637, it is said: "One who has acquired the possession of property, whether by finding, bailment, or by mere tort, has a right to retain that possession as against a mere wrongdoer who is a stranger to the property. Any other rule would lead to an endless series of unlawful seizures and reprisals in every case where property had once passed out of the possession of the rightful owner."

From what has been said, it necessarily follows, that the judgment must be, and accordingly is, reversed, and the cause remanded.

*Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE BAILEY concur.