[No. 5773.]

THE DENVER AND RIO GRANDE RAILROAD COMPANY v. CASADY.

Appeals Where No Appeal Lies—No appeal lies to the supreme court from a judgment for $50.00 and costs, in a cause having no relation to a franchise or freehold. And where, in such case, the statutory limit upon the writ of error has expired, and the appellee has made no appearance, the case is not to be docketed as a writ of error. The court having no jurisdiction of the appeal, or of the person of the appellee, the appeal will be dismissed.

*Appeal from Pitkin County Court*—Hon. HENRY C. ROGERS, Judge.

Messrs. WOLCOTT, VAILE & WATERMAN, Mr. THOMAS A. RUCKER and Mr. WILLIAM W. FIELD for appellant.

No appearance for appellee.

Mr. JUSTICE HILL delivered the opinion of the court:

This is an appeal from a judgment in favor of

the appellee for the sum of $50 and costs. It was entered April 11th, 1905, at which time an appeal was prayed, granted, and ten days given for a bond, which was filed, and approved by the trial court April 15th, 1905. September 13th, following, the record proper, including the bill of exceptions, was filed in this court.

This cause of action does not relate to a franchise or freehold. Owing to the amount of the judgment this court is without jurisdiction to entertain the appeal.—Section 388 Mills' Annotated Code.

More than three years have passed since the rendition of the judgment, and the appellee has made no appearance in this court. If the cause had originally come here on writ of error, this court would not now have jurisdiction of the person of the appellee, for the reason that no summons to hear errors has been issued or served, nor has the appellee done anything to waive the issuance or service. From the foregoing it appears that this cause, in its present condition, is not within the contemplation of section 388a, Mills' Annotated Code, which provides that when an appeal shall be dismissed for lack of jurisdiction, and it appearing that this court would have jurisdiction if the action had come up on writ of error, it shall be entered as pending on error.

As this court is without jurisdiction on appeal, and also without jurisdiction of the person of the defendant in error, were the action entered as pending on error, nothing remains to be done but to dismiss the appeal.—*McVicker v. Rouse*, 44 Colo. 255; *Brady v. People*, 45 Colo. 364; *Johnston v. Eagle Ore Sampling Co.*, 46 Colo. 182.

For the reasons stated, the appeal is dismissed.

Decision *en banc*.            *Dismissed.*