[No. 3809.]

PERKINS v. RUSSELL.

1. APPEAL—*Time of Filing Transcript.* An appeal to the supreme court is "made," within the meaning of the Code (Rev. Code, sec. 424) when the appeal bond is filed in the district court; and if there be then thirty days intervening before the next term of the supreme court the appellant must, by the third day of such next succeeding term of that court, lodge in the office of the clerk of the supreme court a copy of the record of the judgment, unless further time is granted therefor; and upon failing so to do the appeal must be dismissed.

That under the orders of the district court the appellant might have delayed the filing of the bond to such time that the copy of the record need not be filed until a subsequent term of the supreme court, or that time was granted by the district court to tender the bill of exceptions at a day long subsequent to the third day of the next coming term of the supreme court, is immaterial.

2. —— *Docketing Appeal as a Writ of Error.* Under sec. 388a, Mills' Code (sec. 423, Rev. Code 1908) the supreme court, upon dismissing an appeal merely for a failure to file the transcript in

due time, may, where there is an appearance, docket the cause as a writ of error. *Taylor v. Colorado Iron Works,* 29 Colo. 372, and *Bowling v. Chambers,* 20 Colo. Ap. 113.

By the saving clause of sec. 25 of chapter 6, Laws 1911, the repeal of secs. 423, 424 of the code (Rev. Code 1908) is without effect as to appeals previously perfected.

Sec. 4 of chapter 107 of the Laws of 1911, applies to every case brought to the supreme court by an appeal, whether valid or not, which remained undisposed of when that act took effect. The supreme court were thereby deprived of all jurisdiction save to make the prescribed order of transfer to this court. And such transfer gave to this court no greater jurisdiction than that which could have been exercised by the supreme court, under prior statutes, at the time its jurisdiction was divested. And where such appeal, transferred to this court, is dismissed for the failure of the appellant to file a copy of the record in due time in the supreme court, this court is without jurisdiction to docket the cause as a writ of error, in the absence of a general appearance by the appellee.

Where the statute of limitations upon the writ of error has not completed its course, and nothing indicates that the appeal was made for delay, the dismissal will be without prejudice.

3. APPEARANCE—*General or Special.* A motion to dismiss an appeal, under a special appearance, assigning ground, e. g., the failure of appellant to file the copy of the record in due time as required by statute, has not the effect to waive process or the service thereof.

*Appeal from Delta District Court.* HON. SPRIGG SHACKLEFORD, Judge.

Mr. R. M. LOGAN and Mr. MILTON R. WELCH, for appellant.

Mr. A. R. KING and Messrs. STARK & MARTIN, for appellee.

On motion to dismiss. Dismissed without prejudice.

WALLING, J.

The judgment involved in this appeal was entered in the district court on the second day of

March, 1911. On the same day appellant was allowed an appeal to the supreme court, conditioned upon his filing his appeal bond within ten days, and ninety days was given him within which to "prepare and tender" his bill of exceptions. The appeal bond was approved and filed in the district court on the eighth day of March. On the first day of the September term of the supreme court, the appellant filed with the clerk of that court a certified copy of the record of the district court, together with the bill of exceptions, and caused the appeal to be docketed in the supreme court. Thereupon the appellee, appearing specially for the purpose, filed his motion in the supreme court asking that the appeal be dismissed and the judgment of the district court affirmed on the grounds: (1) That the appellant had failed to file the authenticated copy of the record of the judgment appealed from in the supreme court by the third day of the April term of the court, although more than thirty days elapsed between the time of making the appeal and the sitting of the court; (2) "that no application was made by appellant for an extension of time" to file the authenticated copy of the record of the judgment appealed from "within the time required by law, nor was any such order granted or entered by this (supreme) court;" and (3) that the court was without jurisdiction to hear and determine said appeal. Appellee filed with his motion a brief in support thereof, and appellant filed a brief in answer, contesting the dismissal, and requesting, in case the appeal were dismissed, that the cause be re-docketed as pending upon writ of error. The cause was then

transferred to this court, pursuant to the law by which it was established.

Counsel for appellee insisting in this court on their motion to dismiss the appeal and affirm the judgment below, it was argued orally before the court, and additional briefs have been furnished by counsel on either side in support of their respective contentions.

The argument for the motion is based upon section 424, Code of Civil Procedure, Revised Statutes 1908. It is claimed by appellee's counsel that the appeal was made, within the meaning of that section, when the appeal bond was filed in the district court, and that as more than thirty days intervened between the date of the filing of the appeal bond and the next (April) term of the supreme court, it was the duty of the appellant to lodge in the office of the clerk of that court a copy of the record of the judgment by the third day of the April term, unless further time was granted by the supreme court "for good cause shown." And it is said that, the appellant having failed to file the copy of the record within the time limited by section 424 of the code, and no extension of time having been granted by the supreme court, the appeal must be dismissed by the express terms of that section.

Against this, appellant's counsel show that if the appellant had availed himself of the entire period of ten days allowed by the district court for giving the bond on appeal, less than thirty days would have remained before the next sitting (April term) of the supreme court. And it is urged that the appellant should have the benefit of the entire time limited for filing the appeal bond, in determin-

ing whether the transcript should have been lodged with the clerk of the supreme court at the April term, or at the following September term. It is further contended that, inasmuch as the appellee did not take advantage of the supposed neglect to file the transcript of the record on or before the third day of the April term, by docketing and moving to dismiss the appeal, under rule ten of the supreme court, the motion came too late after appellant had filed the transcript. But these contentions of the appellant seem to be foreclosed by the rulings of the supreme court in like cases. *Breed v. Bank,* 3 Colo. 470; *Eicholtz v. Wilbur,* 4 Id. 435; *Taylor v. Colorado Iron Works,* 29 Id. 372.

In the case last cited it was said in the opinion of the court that the appeal was ''perfected by the filing of an appeal bond on the twenty-sixth of June, 1901.'' A motion to dismiss that appeal was made, after the appellant had filed the transcript of the record and docketed the cause in the supreme court, upon substantially the same grounds set out in the motion in the present case; and the supreme court said (page 374):

''The code section requires the appellant to lodge in the office of the clerk of the supreme court an authenticated copy of the record of the judgment or decree appealed from, by or before the third day of the next term of said supreme court, *provided,* there be thirty days between the time of making the appeal and the sitting of the supreme court, with a further proviso for an extension of time for good cause shown. No request for an extension of time was made. The next ensuing term of this court after the perfecting of the appeal began on the sec-

ond Monday of September, 1901. There were more than thirty days, therefore, between the making of the appeal and the third day of that term, and the appellants, not having lodged with the clerk the required copy until the fifteenth day of January, 1902, and their time not having been extended, are too late, and jurisdiction is lacking to entertain their appeal. This ground of the motion is not controverted by appellants. The appeal must be dismissed.''—See also *Bowling v. Chambers,* 20 Colo. App. 113.

When the appeal bond was filed, pursuant to the order of the district court, that order was without further force, and the statutory time for filing the transcript commenced to run against the appellant. The suggestion that the order of the district court, allowing ninety days within which to prepare and tender a bill of exceptions, operated to extend the limit for the filing of the transcript, cannot be entertained.

The rulings cited seem to make it imperative to sustain the motion to dismiss this appeal, unless subsequent legislation affecting the jurisdiction and practice of the supreme court necessitates the application of a different rule. This legislation will be referred to hereafter.

It is further insisted in behalf of appellant that, in case the motion to dismiss shall be sustained, an order should be made re-docketing the cause as pending on writ of error, under the provisions of the code, section 423, Rev. Code, 1908, which is the same as section 388a, Mills' Ann. Code. Counsel for appellee do not seriously question the power of this court, upon dismissal of the appeal, to order the

cause to be re-entered on our docket as pending upon writ of error, provided that the supreme court might have ordered the cause to be re-entered as pending on error, if it had not been transferred pursuant to the fourth section of the act establishing this court. (Chapter 107, laws of 1911.)   Upon this point, however, the argument is advanced that the cause is not within the mandate of section 423 of the code, which provides that whenever the supreme court shall dismiss an appeal for lack of jurisdiction to entertain the same, and it appearing that the court would have jurisdiction if the action had come up on writ of error, the court shall order the clerk to enter the action as pending on writ of error; because, as it is claimed, the words "shall dismiss the appeal for lack of jurisdiction to entertain the same," do not include a dismissal for failure to comply with section 424, relating to the filing of the authenticated copy of the record.   But the question seems to have been expressly decided against this position of appellee's counsel in *Taylor v. Colo. Iron Works,* and *Bowling v. Chambers,* cited *supra.*   These cases will be regarded as having settled the rule applicable to this feature of the case.

On the part of appellee attention is further called to the fact that section 423 of the code was repealed by chapter six of the laws of 1911, "in relation to appeals and writs of error"; and the claim is made that, as this appeal was not docketed in the supreme court by or before the first day of the next term after the appeal was perfected, and no application was made to extend the time for cause, it was not within the saving clause of the repealing act.   Without entering into a discussion of

the question, the determination of which is not conceived to be necessary for the disposition of the present motion, it will be assumed for the purposes of this opinion that chapter six of the laws of 1911 has no bearing upon the application of either section 423 or section 424, above mentioned, as construed by prior decisions of the supreme court, to the conditions presented by the record before us. It is understood, however, that while both of those sections, with others, were expressly repealed by section twenty-five of the act last mentioned, the *proviso* of that section deprived the repeal of all effect as respects any case in which an appeal was perfected before the act took effect, so that all such prior appeals might be prosecuted, disposed of and determined, by the operation of the saving *proviso* of the act, precisely as if the repealing clause had not been enacted.

But it is conceived that other considerations must be controlling in determining the question of the jurisdiction of this court to hear and determine the merits of the cause in any manner. Section 423 of the code, Rev. Stat. 1908, (section 388a, Mills' Ann. Code) has been considered by the supreme court as furnishing the rule of practice applicable to cases brought into that court, by appeal, after, as well as before the former court of appeals ceased to exist; and in several recent decisions the court has recognized and enforced an important limitation upon the operation of the rule. In *Brady v. People,* 45 Colo. 364, it was held as follows:

"Section 388a of the code provides that, whenever the supreme court shall dismiss an appeal for lack of jurisdiction, in cases where jurisdiction would

attach if the action had come up on writ of error, it shall be entered as pending on error. In the circumstances of this case, this section does not apply. The appellee entered no appearance, and therefore jurisdiction of his person has not been obtained. Unless summons to hear errors is issued and served, or the service thereof is in some way waived, this court is without jurisdiction of a defendant in error.—*Wellington v. Beck,* 29 Colo. 73; *McVicker v. Rouse,* 44 Colo. 255.''

This ruling has been followed and approved in *Johnson v. Eagle Sampling Co.,* 46 Colo. 182; *Callbreath v. Hug,* 48 Id. 202; *Chaffee v. Widman,* Id. 35; *D. & R. G. R. R. Co. v. Casady,* 50 Id. 351.

In some of the cases last cited the appeals were dismissed absolutely, because the period of limitation had elapsed within which proceedings in error might be instituted, under the authority of *McVicker v. Rouse,* 44 Colo. 255. In *Callbreath v. Hug, supra,* the appeal was dismissed for want of jurisdiction; and while it was held that the cause could not be entered as pending on writ of error, for want of an appearance by the appellee, the order of dismissal was made without prejudice. The conclusion is, that under decisions construing the law prior to the legislation of 1911, the supreme court would have been without jurisdiction in this cause, except to order its dismissal, when the motion for such order was filed. At the time when the transcript was filed in the supreme court, the law establishing the court of appeals was in force (laws of 1911, chapter 107), wherein it is provided among other things as follows:

"Section 4. The statutes granting and regulating appeals from the district and county courts to the supreme court shall be, and the same are hereby repealed and the jurisdiction of the supreme court on appeal even as to causes already pending therein shall, save as in section six hereinafter provided for, terminate upon the taking effect of this act, except for the purpose of entering the order of transfer hereinafter provided for. Such repeal, however, shall not operate as a dismissal of said pending appeals or of appeals perfected but not yet docketed; all such appeals shall, immediately upon the organization of the court of appeals or thereafter and upon the docketing thereof, be transferred by order of the supreme court to its docket for hearing and determination. And the decision of the court of appeals in all such cases shall, except as to those specified in said section six, be final and conclusive."

The language of the act is inclusive enough to cover any case brought to the supreme court by way of appeal, whether valid or not, and which remained undisposed of when the act took effect as a law. With respect to such appealed cases, the law deprived the supreme court of jurisdiction, except for the purpose of making the prescribed order of transfer. Such transfer, in any case, gave this court no jurisdiction which could not have been exercised by the supreme court in that case, under prior laws, at the time when its jurisdiction was divested, which, for the present purpose, may be considered as coinciding with the entry of the order transferring the cause. In this view it becomes unnecessary to now determine what effect a general

appearance of the appellee, after the transcript was filed in the supreme court, might have had in determining our jurisdiction in the premises. The only appearance on the part of appellee in either court was special, and limited to the application to dismiss the appeal for want of jurisdiction. Such special appearance cannot be regarded as a waiver of the issuance and service of process essential to acquire jurisdiction of a defendant to a writ of error. See *McVicker v. Rouse, supra,* and *Rudolph v. Rudolph,* 50 Colo. 243, 245.

It results that this court is without jurisdiction of the appeal, and further, that there is no authority, in the absence of a general appearance on the part of appellee, to order the cause to be re-entered as pending on writ of error. Therefore, nothing remains to do but to dismiss the appeal for want of jurisdiction to entertain it. It is not perceived that the appellant has been guilty of such laches in the prosecution of his appeal, as would indicate that it was made in bad faith, for the purpose of delaying the enforcement of the judgment of the district court; and we have no desire to prevent the review of that judgment in any proper proceeding for the purpose. In the circumstances of the case, the order should be made dismissing the appeal, without prejudice to any right to sue out a writ of error; and it is so ordered.

SCOTT, P. J., CUNNINGHAM, J., and HURLBUT, J., concurring; KING, J., not participating.

Decided January 8, A. D. 1912. Rehearing denied March 11, A. D. 1912.