[No. 3507.]

## FEHRINGER, ADMINISTRATOR, v. MARTIN.

1. APPEALS—*Where An Appeal Lies.* Under Rev. Code, sec. 422, no appeal by the successful parties lay to the supreme court from a money judgment not involving a franchise or freehold. Recovering less than his demand, his remedy was by writ of error.

2. —— *Where a Freehold Is Involved.* Where both parties agree that an absolute conveyance was intended as mere security, a decree declaring that the indebtedness so secured has been fully paid, and that the mortgage be released and discharged, does not involve a freehold, and no appeal lies, even though the creditor claims that the mortgage debt has not been discharged.

3. MORTGAGE—*A Mere Lien.* A mortgage of lands does not vest title in the mortgagee, but confers a mere lien. An absolute deed intended merely as security has no greater effect than a mortgage with a defeasance expressed.

*Appeal from El Paso District Court.* HON. W. S. MORRIS, Judge.

Mr. WILLIAM C. ROBINSON, Messrs. THOMAS, BRYANT & MALBURN, for appellant.

No appearance for appellee.

WALLING, Judge.

Appellee brought this action in the district court against the appellant, as the administrator, and the sole heir at law of Otto Fehringer, deceased. The complaint alleged that the plaintiff (appellee here), in the lifetime of defendant's intestate, executed to the latter two promissory notes for the principal sum of two thousand and three thousand dollars respectively, and that, for the purpose of securing the payment of the two thousand dollar note, the plaintiff, at the same time, executed to said Otto Fehringer a warranty deed for the premises described in the complaint; that said deed was intended by both of the parties to be, and was, in fact, a mortgage to secure the payment of the note for the principal sum of $2,000 above mentioned. It was further alleged that the plaintiff paid to Otto Fehringer, in his lifetime, the debt secured by the mortgage deed in full, and had further paid all of the note for the principal sum of $3,000, except a balance of principal and interest amounting to $570.75. The complaint alleged the tender to the defendant administrator of the sum of $570.75, as the balance due on the three thousand dollar note, and prayed for the reconveyance or release of the mortgaged premises, the surrender of plaintiff's notes, for cancellation, and general relief. Demurrers were filed by the defendant, separately, as administrator and as heir at law, alleging that the court was without jurisdiction of the subject of the action, that the facts stated in the complaint were insufficient to constitute a cause of action, and that there was a misjoinder of parties defend-

ant. The demurrers were overruled, and an answer
was filed by the defendant, as the administrator and
sole heir at law of Otto Fehringer. The answer ad-
mitted that the deed described in the complaint was
given as a mortgage security for the indebtedness
of the plaintiff to defendant's intestate; but denied
that the amount of the indebtedness secured thereby
was as stated in the complaint, and denied that the
secured indebtedness had been paid. It admitted
that the defendant, as administrator of Otto's es-
tate, held the two promissory notes described in the
complaint, and alleged that not more than $1,000
had been paid on the entire indebtedness represented
by them. The answer further alleged that the war-
ranty deed was in fact executed for the purpose of
securing an indebtedness of plaintiff to defendant's
intestate, amounting to a large sum, of which the
two promissory notes represented a part, and upon
which there remained unpaid the sum of $4,100; and
that the defendant was, and had been at all times
since his appointment as administrator, ready and
willing to execute to the plaintiff a proper release or
reconveyance of the premises described in the com-
plaint, upon the payment of the balance of the in-
debtedness secured thereby. Judgment was asked,
on behalf of the defendant, as administrator, against
the plaintiff, for the sum of $4,100, and interest.
The replication consisted of denials of the state-
ments in the answer, which were at variance with
the allegations of the complaint.

The issues were tried by a jury, who returned a
special verdict to the effect that there was due from
the plaintiff to the estate of Otto Fehringer, de-
ceased, the sum of $570.75, and that the indebtedness

secured by the deed given by the plaintiff to defendant's intestate had been fully paid.  Thereafter, a judgment was entered in the cause, wherein it was found by the court that the deed mentioned in the pleadings was a mortgage, given to secure the payment of plaintiff's indebtedness, to the amount alleged in the complaint, and that the indebtedness secured had been paid in full; and it was decreed that "the said mortgage is hereby declared fully released and discharged as an encumbrance upon the title of the plaintiff to said described premises", etc. It was further therein adjudged that the defendant administrator recover of the plaintiff the sum of $570.75, and that he have execution therefor; and that the plaintiff recover his costs of the defendant. From that judgment this appeal was prosecuted. No appearance has been made by the appellee, in the supreme court or in this court.  The cause having been reached, in its order, for final determination, a motion was filed, on behalf of appellant, asking that it be remanded to the supreme court, the ground of the motion being that the cause relates to a freehold, in that it involves the title to the property described in the deed given by appellee to appellant's intestate, as hereinabove stated.  The position of appellant's counsel is thus concisely stated in their brief accompanying the motion to remand: "An examination of appellee's complaint will show that the fee simple title to the property described therein stands in the heirs at law of one Otto Fehringer, deceased, by virtue of a deed executed by appellee and his wife to Otto Fehringer in his lifetime, which deed appellee asks to have canceled. It is quite apparent, therefore, that if appellee's contention is sustained,

the logical and necessary result will be that the heirs of Otto Fehringer will lose a freehold estate, and appellee will gain one.'' This does not seem to accurately state the nature of the controversy between the parties. By the allegations of the plaintiff's complaint, the deed mentioned was not intended to and did not convey a fee simple title to Otto Fehringer, but was a mortgage only. It is the settled law of this state that a mortgage does not vest title in the mortgagee, but creates a mere lien; and the fact that the mortgage is in the form of a deed absolute on its face does not change the rule, as it affects the mortgagee, and his representatives. Mills' Ann. Code, § 261; *Pueblo etc. Co. v. Beshoar*, 8 Colo. 32. It is likewise familiar law that, upon the death of the mortgagee, the mortgage, with the indebtedness secured, like other choses in action, becomes a personal asset in the hands of his administrator.

If issue had been taken by the defendant upon the allegation of the complaint that the deed to Otto Fehringer was in fact a mortgage, there would be room for the contention that the decision of the appeal would relate to a freehold, within the meaning of section six of the act under which this court was organized—chapter 107, session laws of 1911. But, as has been shown, the answer not only admitted that the deed in question was a mortgage, but insisted that it was so held by the defendant, as administrator, as security for the entire amount of the indebtedness claimed to be due from the plaintiff to the estate of Otto Fehringer, and for which judgment was prayed in the answer. No claim to the property described in the deed was asserted by the defendant, as heir at law. It has been held by this

court that the words "relates to a  *· freehold", as used in the sixth section of the act establishing the court, should be given the same construction as the like expression found in the section of the code of civil procedure providing for appeals to the supreme court. *Monte Vista Canal Co. v. Centennial etc. Co.,* 123 Pac. 831. . The opinion of Judge King, in the case cited, contains a full review of decisions of the supreme court, which have construed the provisions of the code of civil procedure concerning appeals from judgments relating to freeholds. It is unnecessary to discuss those cases here; because it cannot be doubtful, upon this record, that the appellant was not deprived, by the judgment, of title to the real estate, since he never had or claimed title thereto. The fact that he, as administrator, claimed a· lien, by way of mortgage, to secure the balance alleged to be due the intestate's estate, did not bring a freehold estate in controversy. *Hallett v. Alexander,* 50 Colo. 37.

We have been referred by counsel to the opinion of ·the supreme court of Illinois, in *Ducker v. Wear etc. Co.,* 145 Ill. 657, in which it was said: "A freehold is not only involved where the necessary result of the judgment or decree is that one party gains and the other loses a freehold estate, but also where the title is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue. *Malear v. Hudgens,* 130 Ill. 225; *Sanford v. Kane,* 127 Id. 591."

The court, in the same opinion, referred approvingly to *Monroe v. Van Meter,* 100 Ill. 347, wherein it was held that "a freehold is always in-

volved in an action where the title to land is presented and in issue between the parties."

It may be observed here that our supreme court has upon several occasions ruled that the terms "relate to" and "involve" are synonymous in this connection. But it is hard to see how the Illinois cases cited can aid the contention of the appellant, inasmuch as there was no question of title in issue between the parties to this action, and none was determined by the judgment. It was agreed by the pleadings, in effect, that the title was in the plaintiff, the only matters in controversy being as to the amount of the indebtedness originally secured by the mortgage deed, whether such secured debt had been paid, and also the total indebtedness of the plaintiff to Otto Fehringer and the balance remaining due his estate on account thereof. It does not appear that the appeal falls in any of the classes of cases specified in the sixth section of the act establishing the court of appeals, and the motion to remand must be denied.

This conclusion necessarily leads to the matter of the final disposition of the cause. We cannot overlook the fact that the only judgment for money involved is that for $570.75, in favor of the appellant. It has been uniformly held by the supreme court that a party cannot appeal from a judgment in his favor; and, if he is dissatisfied with such judgment. or has failed to secure all of the relief to which he claims to be entitled, his only remedy is by writ of error. *Hall v. Pay Rock Mining Co.,* 6 Colo. 81; *Harvey v. Travelers' Ins. Co.,* 18 Colo. 354; *Fischer v. Hanna,* 21 Colo. 9. The statute does not permit an appeal from a judgment for costs, which does not

relate to a franchise or freehold. *Johnston v. Eagle O. S. Co.,* 46 Colo. 182. There is no escaping the conclusion that the supreme court was without jurisdiction to entertain this appeal, and, consequently, there is none here. We can do nothing, in the circumstances, but order the dismissal of the appeal, in compliance with the rule of *Brady v. People,* 45 Colo. 364; *Johnston v. Eagle O. S. Co., supra,* and *Denver etc. Co. v. Casady,* 50 Colo. 351. The appeal is dismissed for want of jurisdiction.

*Dismissed.*

CUNNINGHAM, Judge, having been of counsel, took no part in the decision of the case.