[No. 7851.]

CHITTENDEN v. HILL ET AL.

1. PRACTICE IN THE SUPREME COURT—*Sci fa to Hear Errors— Service*—Jurisdiction of a writ of error is not acquired until service of the *sci fa*, or waiver of service. Neither the code nor the act of 1911 (Laws 1911, c. 6) requires that the *sci fa* shall be served within three years next succeeding the entry of the judgment complained of; but only that it shall be issued.

Nor does Rule 3 of this court require that the *alias* or *pluries* shall be sued out within such period of three years.

Service should be made within a reasonable time, according to the circumstances of the case.

The writ of error had been issued, notice transmitted to the attorneys below of the defendant in error, and the *sci fa* issued, all within the statutory period. In due season a printed abstract was filed and served. Conferences with counsel representing the defendant in error, for an adjustment, had led counsel for the plaintiff in error to believe that service of the *sci fa* would be waived.

A motion to dismiss the writ of error was denied.

2. ——*Appearance*—The mere receipt by the attorney who represented the defendant in error in the court below, of the printed abstract of the record, is not an appearance.

*Error to Denver District Court.*—Hon. GEORGE W. ALLEN, Judge.

*Motion to Dismiss Denied.*

Mr. JOHN T. BOTTOM, for plaintiff in error.

Mr. JOHN A. GORDON, for defendants in error.

Mr. JUSTICE HILL delivered the opinion of the court:

The defendants in error, appearing specially, move to quash and dismiss this writ of error. For reasons they allege: first, that the writ was not sued out within three years from the date of the judgment complained of; second, that they were not notified of its issuance; third, that no *scire facias* or summons to hear error was served upon them, although they reside in the city and county of Denver; fourth, that the three years within which a writ of error may be sued out and *scire facias* or summons to hear errors issued and served, have long since expired. It is alleged that these facts appear in the record on file in this office. The record discloses, that upon June 28th, 1912, the transcript of record, bill of exceptions and assignments of error upon behalf of the plaintiff in error were filed in this court; that upon the same day a writ of error was issued and filed; that simultaneously therewith a notice in writing was mailed to the attorneys of record of defendants in error in the court below, which notice advised that such writ of error had been issued; that at the same time a *scire facias* or summons to hear errors directed to the sheriff of the city and county of Denver was issued. It is conceded that June 28th, 1912, was within three years from the making and entering of the judgment complained of:

Upon December 7th, 1912, the plaintiff in error filed

for record her printed abstract and assignments of error, upon one of which is endorsed the following, "12-7-12. Received of John T. Bottom two copies of within abstract of record and assignment of error. Geo B. Drake. Atty. Defts in Error."

It is claimed that the case of *McVicker v. Rouse,* 44 Colo., 255, 98 Pac. 8077, is authority for this motion. That opinion is to the effect that unless the *scire facias* to hear error is issued within three years from the entry of the judgment complained of, or is waived by appearance or otherwise, this court has no jurisdiction to determine the case and the writ will be dismissed. In the case at bar the record affirmatively shows that the writ of error, as well as the *scire facias,* was issued and all other acts necessary to institute the suit were consummated within the three years. It follows that the suit was properly instituted within time. It is true, as repeatedly held by this court, that it would not have jurisdiction to enter a judgment unless there had been service or a waiver; but it is likewise true when everything is done which is required to sue out a writ of error, the court has jurisdictions to entertain the action. It has then been instituted within the time provided by statute. It will be observed that neither the Revised Code of 1908 nor the act of 1911 provides that the *scire facias* shall be served within the three years; it must be issued only; the service or the waiver is a matter to follow, hence, it is unnecessary to determine which of the acts are controlling.

Counsel for plaintiff in error contends that service has been waived. To sustain this contention he calls attention to the acknowledgment of the receipt of two copies of the printed abstract of record and assignments of error by Mr. Drake as attorney for the defendants in error. He follows this with an affidavit in which he sets forth certain things which transpired between him and this counsel, which facts he claims led him to believe that

the defendants in error would not require formal service of the *scire facias*. In other words, that in case no settlement was made, which had been repeatedly discussed between counsel, they would waive such service and enter appearance.

Upon behalf of the defendants in error Mr. Drake makes affidavit, that he was one of the attorneys of the defendants in error in the trial below; that at its conclusion he was paid his fee therefor, and while he had not been authorized by defendants in error to appear or represent them in this court, having been one of their attorneys in the case in the trial court he assumed that he would continue as one of the attorneys for the defendants in error in this court, and, acting upon this assumption, he received from counsel for plaintiff in error the copies of the abstract of record and assignments of error and receipted for them, but that it was not his intention to waive any of defendants in error's legal rights, even if he had been authorized to do so. Concerning conferences pertaining to negotiations for settlement, he agrees with the statements of counsel for plaintiff in error.

The suing out of a writ of error is the institution of a new suit and we cannot concede that the acknowledgment of receipt of two copies of the printed abstract of the record by one of the counsel of the defendants in error in the trial court, not followed by appearance in this court, is a waiver of the service of the *scire facias*. Counsel have cited no authorities so holding. It does not follow, however, that the writ should be dismissed at this time. Rule 3 of this court, adopted April 5th, 1905, (80 Pac VII), reads, "If a *scire facias,* or summons to hear errors, shall not be served, an *alias* or *pluries* may be issued without an order of court therefor." Under this rule it was never intended that an *alias* or *pluries* had to be sued out within the three years, otherwise, it would have so stated. The summons referred to in *McVicker v.*

*Rouse, supra,* was the original *scire facias,* not an *alias* or *pluries.*

The Revised Code of 1908, as well as the act of 1911, pertaining to the writs of error provides in certain cases for service by publication. It certainly was not contemplated that service should always be made within the three years. It is true that neither the act nor our rule fixes the length of time within which service is to be made by an *alias* or *pluries* writ. It should certainly be within a reasonable time, depending upon the facts. Under the circumstances of this case where the *scire facias* was issued in time, and where the defendants' counsel in the court below was mailed the notice as required by the act of 1911, and where one of them has acknowledged reecipt of copies of the printed abstract, and where counsel for plaintiff in error, upon account of negotiations for settlements and other matters, was led to believe that appearance would be made without service, and the motion to dismiss having been filed within six months from the time the writ of error was sued out, we do not believe that a sufficient length of time has expired to justify the dismissal of the writ upon account of failure up to this time to make the service. Under these circumstances the plaintiff in error should have the right to make service by an *alias* or *pluries* writ as provided by Rule 3, *supra,* if she so desires.

The motion to dismiss will be denied.

*Motion denied.*

CHIEF JUSTICE MUSSER and Mr. JUSTICE GABBERT concur.