[No. 4175.]

COOPER V. GOLDEN, RALSTON CREEK & CHURCH DITCH CO.

1. WRIT OF ERROR—*Scire Facias—Limitation.* Where the *sci fa.* to hear errors is not issued until after the lapse of three years from the rendition of the judgment complained of, the writ of error must be dismissed. (500.)

2. WAIVER—*Special Appearance—Receipt for Abstract.* An appearance only for the purpose of moving to dismiss writ of error is no waiver of the *sci. fa.* (500.)

Nor is defendant's receipt of a copy of the abstract and brief. (500.)

*Error to Denver District Court.* HON GREELEY W. WHITFORD, Judge.

Mr. JOHN HIPP and Mr. F. T. JOHNSON, for plaintiff in error.

Messrs. SMITH, BROCK & FERGUSON and Mr. JOHN P. AKOLT, for defendant in error.

KING, J., rendered the opinion of the court.

June 16, 1914, the transcript of record, together with assignments of error, was filed in the Supreme Court, upon a judgment of the court below rendered November 7, 1911. Plaintiff in error filed his abstract of the record July 1, 1914, and on the same date copies thereof were served on the attorneys of record in the court below. Writ of error issued and was filed in accordance with the Supreme Court rule. Brief of the plaintiff in error was also filed July 1, 1914. No *scire facias* or summons hear errors issued until November 11, 1914, more than three years after the rendition of the judgment.

Upon the foregoing statement of facts the motion of defendant in error to dismiss the writ of error must be granted. Issuance of the *scire facias* was not waived by acknowledgment of receipt of the abstract of record and briefs, nor did the appearance of defendant in error, for the purpose only of making the motion to dismiss the writ, constitute such an appearance as would operate as a waiver: *McVicker v. Rouse,* 44 Colo., 255, 98 Pac., 807; *Brady v. People,* 45 Colo., 364, 101 Pac., 340; *Rudolph v. Rudolph,* 50 Colo., 243, 114 Pac., 977; *Chittenden v. Hill,* 55 Colo., 65,.

132 Pac., 66.

Writ of error dismissed.