No. 12,329.

RENO *v.* SWADLEY, ET AL.

Decided September 23, 1929.   Rehearing denied October 14, 1929.

Mr. GUY D. DUNCAN, for plaintiff in error.

Messrs. TWITCHELL, CLARK & BURKHARDT, Mr. GEORGE B. CAMPBELL, Mr. HARRY C. DAVIS, for defendants in error.

*In Department.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

JUDGMENT below for defendants in error was rendered March 14, 1928. Plaintiff in error Reno, on March 12, 1929, just two days before the expiration of the time limited for suing out a writ of error in this court, lodged here this case on error upon which a scire facias was issued by our clerk directed to the sheriff of Jefferson county for service on defendants and returnable twenty days after its issuance. The sheriff has not served the scire facias upon the defendants in error or either of them in Jefferson county, where they at all times since the same was issued have resided, and where they were available for service of the writ, and has never served them elsewhere or at all, and the twenty days, within which, as our rules require, such writ shall be issued and might have been served and return thereof made, have long since expired. No return has been made of such service and no waiver of same by any of the defendants in error has been made or authorized. The foregoing facts appear by affidavits of each of the defendants in error and no denial has been made thereof in this court by affidavit or otherwise. The facts, as stated, by fail-

ure of the plaintiff in error to deny the same, in legal effect are admitted to be true.

Plaintiff in error, upon whose attorney copies of the foregoing motion and affidavits were served, has not questioned their accuracy. He seeks to avoid their effect in a statement that counsel for the defendants in error, on May 4, 1929, receipted for four copies of the abstract of record that he had prepared of the case and did not then move to dismiss the writ of error and thereby, counsel says, the defendants in error entered a general appearance and waived service of scire facias and permitted the plaintiff in error thereafter at great expense to prepare and print briefs, and that on June 5, 1929, counsel for defendants in error receipted for six copies of the brief of plaintiff in error and by such receipt entered a general appearance.

The rules of this court applicable to procedure herein were made to be observed, not to be ignored, by counsel at their own pleasure or for their own convenience. If a plaintiff in error is not, for some good cause shown, able strictly or literally to comply with rules of this court as to time limitation, he should apply to the court for relief, or obtain consent of the defendant in error for an extension. The only ground upon which plaintiff in error relies in resisting the motion of defendants in error to strike is that counsel for the latter without at the time moving to dismiss the writ of error, receipted for copies of the documents above referred to. This court has already in a number of cases ruled upon such a contention and adversely thereto.

The Supreme Court acquires no jurisdiction over a defendant in error until a scire facias or summons to hear errors has been served upon, or waived by, him. *Wellington v. Beck,* 29 Colo. 73, 66 Pac. 881. In *McVicker v. Rouse,* 44 Colo. 255, 98 Pac. 807, we held that where no scire facias had been issued or served and service thereof had not been waived, the Supreme Court has no jurisdiction to determine the case. In *Brady v.*

*People,* 45 Colo. 364, 101 Pac. 340, where appellee entered no appearance, we said that unless summons to hear errors is issued and served, or service thereof is in some way waived, the court is without jurisdiction to proceed against him. The doctrine of the foregoing cases is not questioned.

■ ■ Unless scire facias is served within a reasonable time, it should be, on motion of the defendant in error appearing specially, quashed, and the writ dismissed. *Chittenden v. Hill,* 55 Colo. 65, 132 Pac. 66. In this case, among other things, we said that while our rule does not fix the length of time in which service is to be made of an alias or pluries writ, it should be within a reasonable time. There is no explanation here by plaintiff in error of his negligence in disregarding the rules of this court. About four months have elapsed since the scire facias was delivered to the plaintiff in error and more than three months have elapsed since the writ was returnable and became inoperative. In the Chittenden case, supra, it appeared that the defendant in error had acknowledged receipt of two copies of the printed abstract of record. We held there that this was not a waiver by defendant in error of the service of scire facias. In *Cooper v. Golden Co.,* 27 Colo. App. 499, 150 Pac. 732, it was held that issuance of the scire facias was not waived by acknowledging receipt of the abstract of record and briefs, nor did the special appearance of defendant in error for the purpose only of making the motion to dismiss constitute such an appearance as would operate as a waiver.

■ It appears that in some way plaintiff in error obtained a second scire facias herein for service upon the defendants. It was procured while this motion to dismiss the writ of error was pending and undetermined in this court. There was no authority for the issuance of such writ. There was no waiver by defendants in error of either the original, or the second scire facias. No sufficient explanation has been given why our rule in

such case should not be enforced. Plaintiff in error filed his case here on error only two days before the expiration of the time limited therefor. He was within his rights in so doing. He was not within his rights, however, in neglecting to serve upon defendants in error the writ of scire facias within a reasonable time thereafter. Motion to quash both writs of scire facias granted and writ of error dismissed at the cost of plaintiff in error.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE ADAMS and MR. JUSTICE ALTER concur.