King, J.,
delivered the opinion of the court.
Action for the reasonable value of materials furnished and labor performed by plaintiff (appellee here) for defendant at his request, in repairing a building belonging to defendant. Judgment for plaintiff from which defendant appealed.
The errors assigned and relied on raise only the question of the sufficiency of the evidence to support the verdict and judgment, the contention being that the verdict includes compensation for work and material for which no provision was made in the contract between the parties, as shown by the evidence. The testimony upon the part of the plaintiff was positive and clear that the materials furnished and the work done was in accordance with directions given by the defendant, and if believed by the jury, was amply sufficient to sustain the verdict. The credit to be given to the witnesses was for the jury to determine, and having resolved the issues in favor of the plaintiff upon conflicting evidence, the verdict may not be disturbed.
The judgment was for an amount less than $500, did not relate to a franchise or a freehold, and therefore an appeal therefrom to the supreme court did not lie, and the cause might and perhaps should he dismissed for lack of jurisdiction to entertain the appeal. Inasmuch as the appellee has entered no appearance, and therefore jurisdiction of his person has not been obtained, the cause, if dismissed, cannot be re-entered as pending on error.—Brady v. People, 45 Colo., 364, 101 Pac., 340; Perkins v. Russell, 21 Colo. App., 212, 121 Pac., 955; D. & R. G. R. R. Co. v. Casady, 50 Colo., 351, 115 Pac., 532. And we think if dismissed, it is a proper case for the application of Rule 1 of this court that, *106 whenever an appeal or writ of error shall be dismissed, the court may, in its discretion, affirm the judgment of the court below. But whether affirmed upon the merits of the cause, or under the rule, the effect is the same.
The judgment is affirmed.